DECISION.
Defendant-appellant Hugo Montenegro, a Mexican national, was indicted on four counts, all involving marijuana or cocaine. After a motion to dismiss for lack of jurisdiction was overruled by the trial court, Montenegro pleaded guilty to trafficking in marijuana, a violation of R.C. 2925.03(A).
A local drug-enforcement officer received information through a confidential informant that Montenegro was selling narcotics from Indianapolis, Indiana. According to the officer, he spoke by phone with Montenegro from Cincinnati, Ohio, a number of times, negotiating a sale of cocaine and/or marijuana. The officer testified that on April 17, 2000, Montenegro asked him to come to Indianapolis to pay for the drugs, and that Montenegro agreed to arrange for their delivery to Cincinnati. Montenegro and the officer met in Indianapolis, and when the officer was shown the drugs in a van, he called for assistance, and Montenegro and a co-defendant were arrested.
In this appeal, Montenegro asserts two assignments of error. First, he argues that the trial court erred in overruling his motion to dismiss, because the trial court lacked jurisdiction over him. Second, Montenegro maintains that the trial court erred by refusing to dismiss the case due to a violation of his Brady[1] rights. Neither assignment is well taken.
We consider the second assignment first. It is well established that a guilty plea generally waives all constitutional defects that arise prior to the entry of the plea.[2] A defendant's plea of guilty is treated as a complete admission of the defendant's factual guilt of the crime, thereby removing that issue from the case.[3]
While Montenegro is not precluded from claiming that his guilty plea was not intelligently and voluntarily entered, he does not assert that the plea itself was in any way deficient. Rather, Montenegro argues that the state should have disclosed the fact that the confiscated marijuana had been destroyed. Because this argument relates to his factual guilt, Montenegro's guilty plea operated as a waiver of his claim that there was insufficient evidence to support his conviction. The second assignment of error is overruled.
In his first assignment, Montenegro asserts that the trial court lacked jurisdiction over the prosecution because he did not have sufficient contacts with Hamilton County or the state of Ohio. Montenegro claims that he was not aware that the drugs were being sold to someone in Cincinnati, Ohio; that he never made a phone call to Ohio; and that he did not have a relationship with the arresting officer. The record indicates otherwise.
While a guilty plea waives most defenses, it does not waive the defense of subject-matter jurisdiction.[4] A person is subject to criminal prosecution in Ohio if any element of the charged offense took place in this state.[5] In a drug-trafficking case, an offer to sell drugs over the phone to a person in Ohio has been held to be sufficient to establish jurisdiction, even if the one offering to sell the drugs is outside the state.[6] After an examination of this record, we hold that jurisdiction was properly established to try Montenegro in the court below.
The court heard the testimony of Officer Mercado at the hearing on the motion to dismiss. His testimony revealed that a series of phone calls occurred over a five-day period between the officer in Cincinnati and Montenegro in Indianapolis. Officer Mercado testified that he usually initiated a contact with Montenegro, but that on April 17, 2000, he received a call from Montenegro. The officer further testified that the following conversation occurred when Montenegro called him:
 Your client asked me to travel to Indianapolis to pay for the marijuana. In turn he stated he would arrange for the delivery of marijuana to Cincinnati. So I was to respond out there, make payment, and then he would arrange for the transportation of the marijuana to Cincinnati.
 At that point I had refused to respond over there with the money * * *.
 We had a brief discussion about the fact that upon making payment for the marijuana he and his supplier would transport it to Cincinnati.
 The officer also testified that, after he arrested Montenegro, Montenegro admitted that he and his co-defendant knew that the transaction involved shipping marijuana and/or cocaine to Cincinnati.
In addition to the officer's testimony, a copy of the tape-recorded conversations between Montenegro and the officer are in the record. During one of the conversations, the officer clearly pointed out the area code (513) from where he was calling. When the drugs arrived in Indianapolis, Montenegro initiated the call to the officer on April 17. During that conversation, they discussed the actual delivery of the drugs. Montenegro inquired about where to meet the officer. The officer responded, "Well don't come in . . ., if you're coming over here, don't come into the city . . . don't come into Cincinnati, ok? As you come into Ohio from Indiana, right there there's a town, it's called Harrison. . ." Montenegro responded, "Yeah on the Ohio side. . ."
They also discussed the length of the trip from Indianapolis to Hamilton County, with the officer saying, "What do you say we meet over there, say about four or five." Montenegro replied, "About four or five?" And the officer then said, "Yeah, it's about an hour from here to there, isn't it?" Montenegro's answer was "Yeah, about, say one to 1½." In a later conversation, the officer, who had traveled to Indianapolis, was frustrated with Montenegro and told him, "Maybe I should just leave and return to Cincinnati without anything."
Based on the officer's testimony and the phone records, we conclude that there was sufficient evidence linking the offense to Ohio. We hold that the trial court had subject-matter jurisdiction over the case. Accordingly, we overrule the first assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Shannon, J., concurs.
Painter, P.J., concurs separately.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Painter, P.J., concurring separately.
Though I concur in the judgment, I do not understand why we have to import criminals from Indianapolis. And the Brady issue is not part of the record in this case — its resolution may await another day.
 Please Note:
The court has recorded its own entry on the date of the release of this Decision.
[1] See Brady v. United States (1970), 397 U.S. 942,90 S.Ct. 1463.
[2] See State v. Spates (1992), 64 Ohio St.3d 269, 271-272,595 N.E.2d 351, 353; Brady v. United States, supra.
[3] See State v. Wilson (1979), 58 Ohio St.2d 52, 388 N.E.2d 745, paragraph one of the syllabus; State v. Siders (1992), 78 Ohio App.3d 699,701, 605 N.E.2d 1283, 1284.
[4] See Ross v. Court (1972), 30 Ohio St.2d 323, 285 N.E.2d 25;State v. Flynt (1975), 44 Ohio App.2d 315, 338 N.E.2d 554.
[5] See R.C. 2901.11(A).
[6] See State v. Dominguez (Jan. 29, 1999) Hamilton App. No. C-980148, unreported, appeal not allowed (2000), 90 Ohio St.3d 1428,736 N.E.2d 25.