THE STATE OF OHIO, APPELLEE, *v.* FLYNT, APPELLANT.

[Cite as State v. Flynt (1975), 44 Ohio App. 2d 315.]

(No. C-74464—Decided June 30, 1975.)

*Messrs. Leis, Cartolano & Kirschner*, for appellee.
*Mr. James Cobb*, for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket; the journal entries and original papers from the Hamilton County Court of Common Pleas; the assignments of error; and the briefs and oral arguments of counsel.

Defendant, the appellant, hereinafter referred to as defendant, was indicted on December 15, 1972, for the crime of perjury, a violation of R. C. 2917.25. The alleged perjury was in connection with testimony given by defendant in a proceeding before the Hamilton County Municipal Court on May 19, 1972.

The record reveals that the defendant was tried for perjury, convicted, and sentenced to one to ten years imprisonment in the Ohio penitentiary. However, defendant filed a motion for a new trial on which he prevailed. The matter was reset for trial. Plea negotiations ensued and culminated in a retraction of the plea of not guilty previously entered, and on May 15, 1974, the defendant voluntarily pled guilty to the crime of falsification under R. C. 2921.13, which had become effective on January 1, 1974. Defendant was subsequently sentenced to three months in the Cincinnati Correctional Institution and fined five hundred dollars

Counsel for defendant originally asserted three separate assignments of error. However, he voluntarily withdrew the first and third. The remaining allegation of error reads as follows:

The court erred in accepting a plea to the offense set forth in the record.

Included in counsel's oral argument in support of his asserted error was his contention that the court lacked jurisdiction of the subject matter and that the court could not accept a plea of guilty to a crime not in existence at the time the alleged criminal activity occurred. (It is emphasized that the crime of falsification did not exist in Ohio until January 1, 1974. The alleged wrongful conduct occurred in 1972.) No authority, by way of legal precedent, was offered to support this argument. Nor could this court, upon its own examination, discover authorities directly in point. Our construction of existing law, however, compels us to conclude that the assignment of error is well taken and should be sustained.

Jurisdiction over the subject matter is always determined by law. In other words, parties cannot, through an agreement, vest a court with jurisdiction over subject matter. See 15A Ohio Jurisprudence 2d 51, Criminal Practice and Procedure, Section 30.

The jurisdiction of the Court of Common Pleas, from which this appeal arises, is, by virtue of Section 4, Article IV of the Ohio Constitution, fixed by statute. So said the

Ohio Supreme Court in *State, ex rel. Miller,* v. *Keefe* (1958), 168 Ohio St. 234.

The Ohio General Assembly, in R. C. 2931.03, has granted the Court of Common Pleas "original jurisdiction of all crimes and offenses * * *." This general grant of authority is limited, however, by the passage of the criminal code. That legislation includes the following:

"* * * Persons charged with an offense, other than a capital offense, committed prior to the effective date specified in Section 4 of this act *shall be prosecuted under the law as it existed at the time the offense was committed.* * * *." (Emphasis added.) H. B. 511, Section 3.

The effective date of H. B. 511 was January 1, 1974. It is clear that the Court of Common Pleas has no jurisdiction to try or convict an individual for the violation of a statute included in H. B. 511 where the alleged illegal conduct prohibited by such statute occurred prior to January 1, 1974. It is axiomatic, then, that the court is likewise without authority to accept a guilty plea to a crime created by H. B. 511 under such circumstances.

Since jurisdiction of subject matter is fixed by law, the consent of the defendant cannot create such jurisdiction and even a plea of guilty cannot do so.

"A plea of guilty confers upon the court only such jurisdiction as can be conferred by consent of the parties. It is of no significance where the court does not have jurisdiction of the subject matter. In other words, it does not waive jurisdiction of the subject matter." 15A Ohio Jurisprudence 2d 122, Criminal Practice and Procedure, Section 96.

The court below erred in accepting a plea of guilty to R. C. 2921.13, "Falsification." We reverse and remand for further proceedings according to law and consistent with this decision.

*Judgment reversed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.