The STATE of Ohio, Appellee,

v.

PURNELL, Appellant.

[Cite as *State v. Purnell,* 171 Ohio App.3d 446, 2006-Ohio-6160.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060037.

Decided Nov. 22, 2006.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Merlyn D. Shiverdecker, for appellant.

GORMAN, Judge.

{¶ 1} The defendant-appellant, Clinton Purnell, appeals from the trial court's postsentence order increasing the amount of restitution to be paid to the victim from $7,500 to $38,232.74. In his two assignments of error, appellant contends that (1) the trial court did not have jurisdiction to increase the amount of restitution after the judgment of conviction had been journalized and (2) the trial court abused its discretion when it modified the amount of restitution without sufficient evidence of economic loss to the victim. Because R.C. 2929.18(A)(1) requires the trial court to determine the amount of restitution at sentencing, we reverse the judgment of the trial court.

{¶ 2} Following his no-contest plea to the offense of felonious assault, the trial court sentenced Purnell to serve five years' community control and to pay a $100 fine. In its October 25, 2005 judgment entry, the trial court imposed a combination of non-residential and financial community-control sanctions, requiring Purnell to (1) submit to random drug screenings for the first year only, (2) maintain employment or perform 300 hours of community service, and (3) "make restitution in an amount to be determined by the probation department up to $7,500.00." The entry also advised Purnell that he was subject to a three-year prison term if he violated his community control. Nowhere in the entry did the trial court indicate that it was continuing the case for a determination of the amount of restitution. Neither party appealed the October entry, and the record does not contain a transcript of the trial court's October 25, 2005 sentencing hearing.

{¶ 3} Two months after sentencing, on December 29, 2005, over Purnell's objection, the trial court conducted a second hearing. At that hearing, the victim, Brendan Early, testified and tendered several hospital and medical bills that were unverified as to the amount actually owed. On January 3, 2006, the trial court "enter[ed] a new restitution order in the amount of $38,232.74," reflecting a more

than 500 percent increase in the original restitution award. Purnell appeals from that order.

{¶ 4} While Purnell's appeal was pending, the state on June 7, 2006, filed a motion and memorandum in the trial court to correct the record, pursuant to App.R. 9(E). In its memorandum, the state noted that at Purnell's October 2005 sentencing hearing, the trial court had explained its restitution decision as follows: "Number three, you pay restitution as determined by probation. At this point, up to $7,500. And if there are disputes as to how much the amount is, bring it back here, we'll have a hearing. If Mr. Early is so kind as to provide us with the information or whatever. But we'll leave it at this point. I can't do anything else."

{¶ 5} The same day that the state filed its motion to correct the record, the trial court granted the motion, journalized an order nunc pro tunc, and ordered a supplemental record to be certified and transmitted to this court. The trial court stated in its June 7, 2006 entry that it was correcting the sentence specified in its October 2005 entry "to reflect what was actually stated on the record in court." The corrected entry provided, "The defendant is to make restitution in an amount to be determined by probation up to $7,500.00. If the victim, Brendan Early, provides his medical bills and there is a dispute as to the amount, the case will be brought back to the court for a restitution hearing."

## Jurisdiction

{¶ 6} In his first assignment of error, Purnell contends that the trial court lacked subject-matter jurisdiction to reconsider and increase the amount of restitution. As the financial-sanction statute does not provide the trial court with the authority to increase the amount of restitution after the imposition of sentence, Purnell argues that the trial court erred in increasing the award. We agree.

{¶ 7} "[A] sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01(FF). The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss. R.C. 2929.18(A)(1)." *State v. Danison,* 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, at ¶ 6; see, also, R.C. 2929.11(A). Because it is part of the sentence, an order of restitution is a final order. See *State v. Danison,* at ¶ 8.

{¶ 8} Restitution is a financial community-control sanction authorized by R.C. 2929.18(A)(1), which provides for "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." The statute identifies the manner in which the trial court may

award restitution. When, as here, the amount of restitution is disputed, the trial court shall hold a hearing. But "[i]f the court imposes restitution, *at sentencing*, the court shall determine the amount of restitution to be made by the offender." (Emphasis added.) Id.

{¶ 9} Therefore, the plain language of R.C. 2929.18(A)(1) establishes that if the trial court orders restitution at sentencing, it must determine the amount of restitution at that time. There is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of a financial sanction. It can, however, modify the "payment terms of any restitution," id., or enter a less restrictive sanction, see R.C. 2929.15(C), or suspend the financial sanction as provided in R.C. 2929.18(G). The trial court retains authority to impose a more restrictive financial sanction only if the defendant violates the conditions of his community control. See R.C. 2929.15(B).

{¶ 10} In matters of criminal sentencing, the trial court does not have inherent power to act, but has only such power as is conferred by statute or rule. See *State ex rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, at ¶ 15; see, also, *State v. Moore*, 4th Dist. No. 03CA18, 2004-Ohio-3977, 2004 WL 1689674, at ¶ 10. Because the trial court in this case had no statutory authority to increase the restitution amount after imposing sentence in October 2005, its January 2006 entry is a legal nullity.

{¶ 11} It is also well established that a court cannot reconsider a valid final judgment in a criminal case. See *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324, citing *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936; see, also, *State v. Meister* (1991), 76 Ohio App.3d 15, 19, 600 N.E.2d 1103. Crim.R. 32(C) provides that a judgment becomes final when the trial court reduces it to writing and the clerk enters it on the journal. See, also, *State v. Danison* at ¶ 8. Although the trial court in this case was well intentioned and sought to compensate the victim for his belatedly demonstrated economic loss, it had no power by statute or rule to reconsider or to modify the amount of restitution after it journalized Purnell's sentence on October 25, 2005. See *State v. Meister*, 76 Ohio App.3d at 18, 600 N.E.2d 1103.

### State's Claim of Invited Error

{¶ 12} We also reject the state's argument that any error by the trial court in conducting a second restitution hearing was invited error because Purnell's counsel had agreed to a hearing if the amount of restitution exceeded $7,500. The parties cannot confer by consent or acquiescence subject-matter jurisdiction on a court where it is otherwise lacking. See *Colley v. Colley* (1989), 43 Ohio St.3d 87, 92, 538 N.E.2d 410, citing *Commodity Futures Trading Comm.*

*v. Schor* (1986), 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675; see, also, *State v. Flynt* (1975), 44 Ohio App.2d 315, 317, 73 O.O.2d 373, 338 N.E.2d 554 ("Since jurisdiction of subject matter is fixed by law, the consent of the defendant cannot create such jurisdiction").

{¶ 13} Without a transcript of the October 2005 sentencing hearing, the state has not demonstrated its claim of invited error. The original entry, limiting restitution to $7,500 without condition, must prevail over the unsupported assertions of the litigants and even over the trial court's explanation from the bench of its sentence. A court of record speaks only through its journal, "not by oral pronouncement." *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 6, quoting *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus.

## Correction of the Record by App.R. 9(E)

{¶ 14} By moving to correct the record under App.R. 9(E),[1] the state attempted to make the record reflect its belief that the trial court had intended to retain continuing jurisdiction. For the same reasons we have already given, we reject the state's argument that the record of the October 25, 2005 sentencing hearing permitted the trial court to retain jurisdiction to reconsider and modify the amount of restitution after sentence had been imposed. Any use of App.R. 9(E) to correct the record was, therefore, improper.

{¶ 15} "The authority to promulgate rules for the courts of Ohio stems from Section 5(B), Article IV of the Ohio Constitution, which provides: 'The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right.'" *In re McBride,* 110 Ohio St.3d 19, 2006-Ohio-3454, 850 N.E.2d 43, at ¶ 13. The procedural rule cannot be used to confer substantive power not otherwise recognized by law. The first assignment of error is well taken.

## Evidence of Economic Loss

{¶ 16} We also sustain Purnell's second assignment of error, which challenges the sufficiency of the evidence of the victim's economic loss. The

---

1. App.R. 9(E) provides, "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, * * * on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

amount of restitution claimed must be established by competent, credible evidence from which the trial court can discern the economic loss to the victim to a reasonable degree of certainty. See R.C. 2929.18(A)(1); see, also, *State v. Leeper*, 5th Dist. No. 2004CAA07054, 2005-Ohio-1957, 2005 WL 977063, at ¶ 40. The record in this case contains no credible evidence of economic loss beyond the unauthenticated hospital and medical bills. The victim, whose cooperation with the prosecutor and the probation department appears from the record to have been, at the very least, questionable, did not tender these exhibits to the trial court until the December 29, 2005 hearing. They may have reflected the amounts that were billed, but without some verification as to what Early actually owed or paid, they did not substantiate Early's out-of-pocket loss. Because R.C. 2929.18(A)(1) states that the trial court's order of restitution "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense," the trial court had no evidentiary basis to increase the award.

{¶ 17} Therefore, the trial court's January 3, 2006 order increasing the restitution amount is reversed and that part of the October 25, 2005 sentence limiting the restitution amount to $7,500 is reinstated.

Judgment accordingly.

SUNDERMANN, J., concurs.

PAINTER, J., concurs separately.

PAINTER, Judge, concurring.

I concur in Judge Gorman's well-reasoned opinion. Restitution must be decided at sentencing. As a trial judge, many times I did exactly what the judge did here—leave it to the probation department to figure out the amount, with the caveat that either party could request a hearing if the amount was disputed. But we now learn that the statute simply prevents that procedure. The proper course is to continue the sentencing hearing until the amount of restitution can be determined.

And medical bills alone do not prove economic loss—were they paid by insurance, written down, or written off? The victim here presented nothing to show his actual economic loss.