{¶ 37} I respectfully dissent and would reverse the trial court's June 3, 2008 Judgment Entry/Order, ordering Silbaugh to pay restitution to the Animal Protective League in the stipulated amount of $24,363.74. This Judgment was entered after Silbaugh's sentence had become final. Thus, the trial court was without jurisdiction to make the order.
It is well-established that "trial courts lack authority to reconsider their own valid final judgments in criminal cases." State ex rel. Whitev. Junkin, 80 Ohio St.3d 335, 1997-Ohio-340, 338; State ex rel. Hansenv. Reed (1992), 63 Ohio St.3d 597, 599 ("a court has no authority to reconsider its own valid final judgments in criminal cases") (citation omitted).
Pursuant to Crim. R. 32(C), "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." This Rule further provides that "[a] judgment is effective," i.e. final, "only when entered on the journal by the clerk." Id.; State v. Purnell,171 Ohio App.3d 446, 2006-Ohio-6160, at ¶ 11; State v. Danison,105 Ohio St.3d 127, 2005-Ohio-781, at ¶ 6 ("in a criminal case, the final judgment is the sentence") (citations *Page 10 
omitted); State v. Tripodo (1977), 50 Ohio St.2d 124, at paragraph one of the syllabus ("[a]n announcement of a decision in a criminal case is not a final appealable order until the entry of judgment thereon is filed with the trial court").
In the present case, the trial court advised Silbaugh at sentencing that she was "going to pay restitution," but the court had not "determined the amount yet." The court's March 28, 2008 Order and Journal Entry imposing sentence, however, is silent concerning restitution. In a similar situation, the Second District concluded that the court's written entry was final, despite oral pronouncements to the contrary. State v. Sanner, 2nd Dist. No. 2007 CA 13, 2008-Ohio-1168, at ¶ 10 ("the court speaks only through its journal entries, not by its oral pronouncements") (citations omitted).
The State tacitly concedes the trial court's error, but argues the judgment should be affirmed because the parties had stipulated to the amount of restitution or, alternatively, under the doctrine of invited error. Neither position is tenable. "The parties cannot confer by consent or acquiescence subject-matter jurisdiction on a court where it is otherwise lacking." Purnell, 2006-Ohio-6160, at ¶ 12, and ¶ 11
("[a]lthough the trial court * * * was well intentioned and sought to compensate the victim for his belatedly demonstrated economic loss, it had no power by statute or rule to reconsider or to modify the amount of restitution after it journalized Purnell's sentence"); also State v.Dillon, 3rd Dist. No. 5-06-50, 2007-Ohio-4934, at ¶¶ 15-16.
For foregoing reasons, the trial court's June 3, 2008 Judgment Entry/Order should be vacated. *Page 1