The STATE of Ohio

v.

**BROWN.**

2011-Ohio-6994.]

Athens County Municipal Court, Ohio.

No. 11TRC05990(1).

Decided Dec. 12, 2011.

Tracy Woodall Meek, Athens City Prosecuting Attorney, for plaintiff.

David G. Baer, for defendant.

---

WILLIAM A. GRIM, Judge.

{¶ 1} This matter came on for consideration of the memoranda of the parties regarding the issue of restitution ordered at defendant's, Patrick Brown's, November 8, 2011 plea hearing. At that time, the court ordered defendant to make restitution to the city of Athens in an amount not to exceed $2,443.97, with the exact amount to be later determined.

{¶ 2} The facts are not disputed. While driving under the influence of alcohol, defendant drove over a yield sign and into a stairway railing owned by the city of Athens. The parties raise no issue as to the offense's being the proximate cause of the damage, as to defendant's ability to pay, or as to the reasonableness of the claimed expenses.

{¶ 3} The issue reserved was as to the amount of restitution to be ordered, or more precisely, what claimed expenses are includable in the restitution calculation. It is defendant's position that restitution should be for only $516.10, the cost of materials used. It is the state's position that the time estimated to be used by the city employees, at their hourly rate including the costs of health insurance and all other fringe benefits, also be included, as well as a $50 per hour charge for the use of a city truck.

{¶ 4} Neither counsel nor the court have found any case authority directly on point, so we go forth in mostly uncharted territory. The resolution of this issue depends on the statutory construction of R.C. 2929.18(A)(1) and the definition of "economic loss" in R.C. 2929.01(M).

{¶ 5} The procedural standard of statutory construction is set forth in R.C. 2901.04(A) as follows:

Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.

The court finds that restitution is a criminal penalty and applicable definitions must be strictly construed against the state and liberally construed in favor of the defendant. Such required construction may yield a result different than a calculation of civil damages.

R.C. 2929.18(A)(1) provides:

Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

The key term to be construed is "economic loss." The statutory definition is in R.C. 2929.01(M):

"Economic loss" means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

The definition of economic loss as economic detriment suggests an inquiry as to the amount actually lost. To constitute a detriment, the victim's economic situation must be worse as a result of the offense than it was before the offense.

{¶ 6} Under certain circumstances, a government entity can be the victim of a crime. *State v. Samuels*, 4th Dist. No. 03CA8, 2003-Ohio-6106, 2003 WL 22704409. However, the ordinary cost of doing government business is not compensable as criminal restitution. Such expenses are fixed overhead and are not necessarily increased as the proximate result of a commission of a crime.

{¶ 7} A number of cases with dissimilar facts provide limited guidance. *State v. Pietrangelo*, 11th Dist. No. 2003–L–125, 2005-Ohio-1686, 2005 WL 820526, citing *Samuels*, held that the government could not recover its buy money as an economic loss from a drug-trafficking offense. *State v. Wolf*, 176 Ohio App.3d 165, 2008-Ohio-1483, 891 N.E.2d 358 (3d Dist.), reversed an order of restitution to

the city fire department for responding to a fire caused by defendant's arson. *State v. Johnson* 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372 (2d Dist.), disallowed a restitution order to the Ohio Highway Patrol for its investigation costs. *State v. Purnell,* 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613 (1st Dist.), held that the proper amount of a restitution order was not the total amount of the medical bills but rather the actual out-of-pocket expenses of the victim. *In re Middleton,* Ct. of Cl. No. V2003–40721, 2004-Ohio-1884, 2004 WL 811963, required proof of actual costs incurred, rather than anticipated costs.

{¶ 8} In the absence of evidence of necessary overtime or rental of specialized equipment specifically directed to this repair, the court finds that the city incurred no detriment beyond the cost of the materials that needed to be replaced. In other words, materials were the only out-of-pocket expense. The city was in no worse position as to its fixed employee and equipment expenses after the offense. The city seeks not only recovery of its out-of-pocket expenses, but also a prorated contribution towards its fixed overhead. Such may or may not be recoverable as civil damages, but it does not fall within the criminal-law definition of "economic loss" as strictly construed. The value of the employees' time is no more compensable under R.C. 2929.18(A)(1) than is the value of the time of the city prosecutor spent on this case. Both are valuable, but neither constitutes an economic loss proximately caused by the offense.

## SUMMARY

{¶ 9} In determining the amount of restitution, the definition of "economic loss" must be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A).

{¶ 10} "Economic loss" means the amount of actual loss proximately caused by the offense. It does not include fixed overhead costs that would have been incurred regardless of the offense. R.C. 2929.18(A)(1) and 2929.01(M) construed.

## DECISION

{¶ 11} Therefore, the court finds that the economic loss to the city of Athens is limited to $516.10, the cost of materials used. The court's sentencing entry of November 8, 2011, is modified to reflect this amount, and defendant is ordered to pay $516.10 in restitution to the city of Athens within 90 days.

So ordered.