[Cite as *State v. Lowe*, 2013-Ohio-4224.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130048 |
| | | TRIAL NO. B-1207156 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| KEVIN LOWE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: September 27, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Josh Thompson*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1} Defendant-appellant Kevin Lowe entered guilty pleas to two counts of receiving stolen property and two counts of misuse of credit cards. The trial court sentenced him to three years' community control and ordered him to "make restitution in the amount to be determined by the probation department."

{¶2} Lowe now appeals. In a single assignment of error, he argues that the trial court erred by failing to determine the amount of restitution at the time of sentencing and by delegating the determination of the amount of restitution to the probation department. We agree.

{¶3} A trial court imposing a felony sentence may impose a financial community-control sanction as part of the sentence. R.C. 2929.18(A). One such financial sanction is restitution to compensate the victim for economic loss suffered as a result of the offense. *See State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 6; R.C. 2929.18(A)(1). Because it is part of the sentence, an order of restitution is a final order. *Danison* at ¶ 8.

{¶4} If the court imposes restitution at sentencing, the court must determine the amount of restitution at that time. R.C. 2929.18(A)(1); *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 9, (1st Dist.). The court may base the amount of restitution on a recommendation by the victim, the offender, a presentence-investigation report, estimates or receipts indicating the cost of repairing or replacing the property, and other information. *State v. Lalain*, ___ Ohio St.3d ___, 2013-Ohio-3093, ___ N.E.2d ___, at paragraph one of the syllabus; R.C. 2929.18(A)(1). But the amount of restitution ordered cannot be greater than the amount of economic loss suffered by the victim as a direct and proximate result of the offense. *Id.* If the offender, victim, or survivor disputes the amount of restitution, the trial court must hold a hearing. *Lalain* at paragraph two of the syllabus; *Purnell* at ¶ 8.

{¶5}   In 2006, this court decided *Purnell*.  In that case, the trial court had ordered, as part of the defendant's felony sentence, that he "make restitution in an amount to be determined by the probation department up to $7,500.00."  Two months later, over the defendant's objection, the court held a hearing and entered a new restitution order in an amount over $38,000.  We held as follows:

> [T]he plain language of R.C. 2929.18(A)(1) establishes that if the trial court orders restitution at sentencing, it must determine the amount of restitution at that time.  There is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of a financial sanction. * * * The trial court retains authority to impose a more restrictive sanction only if the defendant violates the conditions of his community control.

*Purnell* at ¶ 9.  Because the trial court had no statutory authority to increase the restitution amount imposed at sentencing, we reversed the order increasing the amount and reinstated the sentence limiting the restitution amount to $7,500.  *Id.* at ¶ 17.

{¶6}   In 2007, this court decided *State v. Wilson*, 1st Dist. Hamilton No. C-061000, 2007-Ohio-6339.  In that case, the trial court had ordered the defendant to pay restitution "in an amount to be determined by the probation department."  *Id.* at ¶ 16.  We held that the court erred by imposing an indeterminate amount of restitution because R.C. 2929.18(A)(1) required the court, not the probation department, to determine the amount of restitution at sentencing.  *Id.* at ¶ 17.  We vacated that part of the sentences ordering restitution and remanded the case to the trial court to impose a definite amount of restitution.  *Id.*

{¶7}   In the case before us, as in *Purnell* and *Wilson*, the trial court ordered restitution as part of a felony sentence, but ordered the amount of restitution to be determined by the probation department.  And, as in those cases, nothing in the trial court's sentencing entry indicated that the court was continuing the case for a determination of the amount of restitution.

{¶8} We distinguish this case from our 1980 decision in *In re Holmes,* wherein a juvenile court referee had found a child to be delinquent by reason of criminal damaging and had recommended restitution and several days of work detail. *In re Holmes*, 70 Ohio App.2d 75, 434 N.E.2d 747 (1st Dist. 1980). After a hearing on the child's objections to the referee's report, the juvenile court overruled the objections and stated that it would defer an evidentiary hearing on the amount of restitution. The child challenged on appeal that part of the juvenile court order that appeared to order restitution. We held that the juvenile court's order was not a final appealable order under R.C. 2505.02 because the order did not determine an amount of restitution. *Id.* at 77. In addition, it was clear from the record that the court had contemplated further proceedings. *See id.* at 76. By contrast, the sentencing entry in this case contained no suggestion that the court contemplated or anticipated further proceedings. *See, e.g., State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164. Thus, the order here does not present the same lack of finality that we found in *Holmes.*

{¶9} Accordingly, we hold that the trial court erred by ordering restitution in an amount to be determined by the probation department. Therefore, we sustain the assignment of error. We remand the cause to the trial court to impose a definite amount of restitution. In all other respects, the trial court's judgment is affirmed.

Judgment affirmed and cause remanded.

**CUNNINGHAM** and **FISCHER, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.