[Cite as *State v. Dennis*, 2013-Ohio-5633.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA6 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| CHASE DENNIS, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **Released: 12/13/13** |

_____

<u>APPEARANCES:</u>

James T. Boulger, Chillicothe, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Chase Dennis appeals the sentence imposed by the Highland County Court of Common Pleas after he was convicted of aggravated assault. Appellant raises two assignments of error on appeal, contending that the trial court erred in ordering restitution in the absence of competent, credible evidence of the amount of economic loss incurred by the victim, and without making a determination of his present and future ability to pay the ordered amount. Because we conclude that the trial court's order of restitution was supported by competent, credible evidence and that the pre-

sentence investigation report considered by the trial court prior to sentencing contained evidence of Appellant's present and future ability to pay the ordered amount, both of Appellant's assignments of error are overruled. Accordingly, the decision of the trial court is affirmed.

FACTS

{¶2} By a complaint filed on August 29, 2012, Appellant was originally charged with one count of felonious assault, a second degree felony in violation of R.C. 2903.11(A)(2). The complaint stemmed from an incident that occurred between Appellant and John Soards, the victim. It appears from the record that the parties were involved in an altercation outside of a Subway restaurant, which was caught on video. The incident arose based upon an earlier dispute between Appellant and Soards related to money owed by Appellant for roof work that Soards had performed. When Soards approached Appellant from behind, allegedly to discuss the matter with him, Appellant turned with a knife in his hand and struck Appellant across the neck. Soards sustained injuries which required air transport to OSU Medical Center.

{¶3} Appellant waived his preliminary hearing and the matter was bound over to the common pleas court. Appellant was then indicted by a grand jury on two felony counts, one in violation of R.C. 2903.12(A)(1) and

the other in violation of R.C. 2903.12(A)(2). The indictment mistakenly identified these crimes as felonious assault, however, a subsequently filed summons on indictment properly identified both of the crimes charged as aggravated assault, both fourth degree felonies. Appellant pled not guilty and the matter proceeded to a jury trial on January 17, 2013.

{¶4} The jury eventually returned a verdict of not guilty on count one and instead found Appellant guilty of a lesser included offense of assault on that count, a first degree misdemeanor. The jury further found Appellant guilty as charged on count two, aggravated assault, a second degree felony. The trial court filed an entry of conviction on January 22, 2013, and ordered that a presentence investigation be performed prior to Appellant's sentencing hearing. A sentencing hearing was held on February 8, 2013. Appellant was sentenced to a fifteen-month term of imprisonment and was ordered to pay restitution in the amount of $50,141.11, as well as fines and costs.

{¶5} Appellant objected to the amount of the restitution order at the hearing. As a result, further evidence was introduced to support the restitution amount, including admission into evidence of the victim's medical bills, as well as the victim and his wife's testimony regarding the outstanding amounts of the bills and whether Appellant had insurance coverage at the time. A final judgment entry was filed on February 8, 2013,

and it is from this order than Appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED IN ORDERING RESTITUTION IN THE ABSENCE OF COMPETENT AND CREDIBLE EVIDENCE OF THE AMOUNT OF ECONOMIC LOSS INCURRED BY THE VICTIM.

II.     THE TRIAL COURT ERRED IN ORDERING RESTITUTION WITHOUT MAKING A DETERMINATION OF THE DEFENDANT'S PRESENT AND FUTURE ABILITY TO PAY THE ORDERED AMOUNT."

## ASSIGNMENT OF ERROR I

{¶6}  In his first assignment of error, Appellant contends that the trial court erred in ordering restitution in the absence of competent and credible evidence of the amount of economic loss incurred by the victim.  Appellant specifically seems to challenge the accuracy of the medical bills that were entered into evidence, arguing that they were not properly authenticated under the rules of evidence.  In making this argument, however, Appellant concedes that "the rules may not apply at a sentencing hearing."  Appellant further argues that there was conflicting testimony over whether Appellant had medical insurance and that this conflict should have resulted in a separate hearing being held on the issue of restitution.  Appellee responds by arguing that the restitution order was premised upon billings for medical

services contained in the record, as well as the testimony of the victim himself, and that Appellant had the opportunity to cross examine the victim with respect to the billing records that were introduced as exhibits.

{¶7} As a financial sanction, R.C. 2929.18(A)(1) allows the trial court to order a felony offender to make restitution to the victim of the offender's crime in an amount based on the victim's economic loss. R.C. 2929.18(A)(1) specifically provides as follows:

> "If the court imposes restitution, the court may base the amount
> of restitution it orders on an amount recommended by the
> victim, the offender, a presentence investigation report,
> estimates or receipts indicating the cost of repairing or
> replacing property, and other information, provided that the
> amount the court orders as restitution shall not exceed the
> amount of the economic loss suffered by the victim as a direct
> and proximate result of the commission of the offense."

Further, " 'A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense.' " *State v. Rizer*, 4th Dist. Meigs No. 10CA3, 2011-Ohio-5702, ¶ 53; quoting *State v. Johnson*, 4th Dist. Washington No. 03CA11, 2004-Ohio-2236, ¶ 11.

{¶8} Although a broad reading of both *Rizer* and *Johnson* may indicate that courts are required to apply the rules of evidence to restitution hearings, "Evid.R. 101(C)(3) makes it clear that it excludes the rules of evidence from sentencing proceedings." *State v. Bulstrom*, --- N.E.2d ----, 2013-Ohio-3582, ¶ 20. As such, it is due process, rather than strict application of the rules of evidence, that controls what proofs the court can consider in determining restitution. Id.

{¶9} Here, the State introduced multiple billing records into evidence in support of the request for restitution. The bills were broken down by provider and while some indicated insurance coverage through a provider named Molina, the bills also indicated a zero payment by the provider and that coverage was not in effect. In order to clarify this issue, both the victim and his wife testified. The victim's wife's testimony was the most helpful. She testified that she is the one who handles the family insurance, that Appellant's coverage had lapsed at the time of his injury, that she had spoken with the providers personally and that these amounts were the amounts owed by the victim. The trial court also considered a presentence investigation report which included the total amount of the victim's medical bills as well. The report included an earlier figure, which was higher, and

then an updated figure that corresponds with the trial court's restitution order

of $50,141.11.[1]

{¶10}  A review of the record indicates that Appellant objected to the

trial court's consideration of the medical bills, citing the holding in *State v.*

*Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, claiming

that the court in that case found that "unverified and authenticated medical

billings to be insufficient to constitute competent, credible evidence to

support an order of restitution."  However, we find Appellant's

representation of the reasoning of *Purnell* to be inaccurate.  In *Purnell*, the

court issued an initial restitution order and then held another hearing at the

request of the State two months after the case had been concluded.  Id at. ¶

3.  The victim testified and introduced several medical bills "that were

unverified as the amount actually owed."  Id.  Based upon this evidence and

testimony, the court increased the restitution award by more than 500%.  Id.

On appeal, the case was reversed, not because of the trial court's reliance

upon "unverified" medical bills, but due the trial court's lack of jurisdiction

to reconsider its prior award.  Id. at ¶ 6

{¶11}  Further, other cases have affirmed orders of restitution based

upon "unauthenticated" records, coupled with the victim's testimony as to

---

[1] The amounts listed by the four medical providers actually total $50,141.17; however, because the State has not raised an issue with respect to this slight error, which actually favors Appellant, we see no need to address it.

the amounts owed. See *State v. Riley*, 184 Ohio App.3d 211, 2009-Ohio-3227, 920 N.E.2d 388, ¶ 22 (court accepted victim's testimony regarding medical and hospital bills without any indication they had been authenticated in any manner aside from the victim's explanation of the amounts owed.); *In re Hatfield*, 4th Dist. Lawrence No. 03CA14, 2003-Ohio-5404, ¶ 9 (court accepted theft victim's testimony alone to establish economic loss, without resort to documentary evidence). Thus, in light of the foregoing, we conclude that the record contains competent, credible evidence to support the trial court's order of restitution.

{¶12} However, our inquiry does not end here. Though not a separately argued assignment of error, Appellant seems to argue in the body of his brief that he was entitled to a separate hearing on the issue of restitution. First, we note that it appears that the transcript in the record was just that, a hearing on the issue of restitution. Medical billing statements were introduced into evidence. Both the victim and his wife testified as to the amounts of the bills. Appellant's counsel was permitted to cross examine both of them with respect to the outstanding amounts of the bills and also with respect to the issue of insurance coverage. When offered the opportunity to introduce evidence on the issue, Appellant's counsel advised

the court that they had no evidence to present, but simply objected to the use of the billing records.

{¶13} A court only need to hold a hearing on restitution if the offender or victim disputes the amount. *State v. Johnson*, 4th Dist. Washington No. 03CA11, 2004-Ohio-2236, ¶ 10. Here, once the amount of the requested restitution was entered into the record, Appellant stated that he did not concede to the accuracy of the amount. However, he did not, at that time, even request a hearing. Nonetheless, based upon this response, the court went on to essentially hold a hearing on the issue of restitution, as discussed above. We believe that in this situation, the trial court adequately afforded Appellant an opportunity to be heard on the issue of restitution and we see no error on the part of the trial court in failing to hold a later, separate hearing. In light of the foregoing, Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶14} In his second assignment of error, Appellant contends that the trial court erred in ordering restitution without making a determination of his present and future ability to pay the ordered amount. Before imposing a financial sanction under R.C. 2929.18, the court "shall consider the offender's present and future ability to pay the amount of the sanction * * *."

R.C. 2929.19(B)(5). " '[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion.' " *State v. Bulstrom* at ¶ 15; quoting *State v. Rizer* at ¶ 49 and *State v. Rickett*, 4th Dist. Adams No. 07CA846, 2008-Ohio-1637, ¶ 4.

{¶15} " 'Although preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction.  Rather, courts look to the totality of the record to see if this requirement has been satisfied.' " *Rizer* at ¶ 49; quoting *State v. Smith*, 4th Dist. Ross No. 06CA2893, 2007-Ohio-1884, ¶ 42.  Thus, " '[i]f the record shows that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5).' " *State v. Bulstrom* at ¶ 15; quoting *State v. Petrie*, 4th Dist. Meigs No. 12CA4, 2013-Ohio-887, ¶ 5.

{¶16} Here, although the trial court never explicitly stated that it considered Appellant's present and future ability to pay restitution, as set forth above, the trial court did state that it considered a presentence investigation report when it imposed restitution.  The presentence

investigation report reviewed by the trial court indicated that Appellant was a twenty-seven-year-old, physically and mentally healthy, high school graduate. Although the report indicated Appellant was unemployed and had been unemployed since 2008, it also included Appellant's employment history, which indicated Appellant was capable of various types of physical labor. Further, Appellant's reasons for leaving his prior jobs seemed to be of his own volition, rather than an inability to work.

{¶17} Because the presentence investigation contains pertinent information about Appellant's financial situation, the totality of the record supports the conclusion that the trial court sufficiently considered his present and future ability to pay restitution. Thus, Appellant's second assignment of error is overruled. Having overruled both of Appellant's assignments of error, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**