[Cite as *State v. Bigelow*, 2018-Ohio-3508.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                Court of Appeals No. L-17-1306

      Appellee                                           Trial Court No. CR0201102596

v.

Brian Bigelow                                           **DECISION AND JUDGMENT**

      Appellant                                          Decided:  August 31, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Peter Galyardt,
Assistant State Public Defender, for appellant.

* * * * *

**MAYLE, P.J.**

**{¶ 1}** In this accelerated appeal, defendant-appellant, Brian Bigelow, appeals the

December 6, 2017 judgment of the Lucas County Court of Common Pleas, denying his

motion to vacate judicial sanction.  For the reasons that follow, we affirm the trial court

judgment.

## I. Background

{¶ 2} In 1997, Brian Bigelow was convicted and sentenced in the following cases, listed in chronological order by date of journalization:

| Lucas County Case No. | Date | Offense/ Degree of Offense | Sentence | Consecutive/ concurrent |
|---|---|---|---|---|
| CR-97-1554 | August 11, 1997 | Aggravated robbery (F1) + firearm specification | 10 years + 3 years | To be served consecutively to each other, consecutively to CR-97-1309, and concurrently to CR-97-1480 |
| CR-97-1309 | August 12, 1997 | Robbery (F3) | 5 years | To be served consecutively to CR-97-1554, and concurrently to CR-97-1480 |
| CR-97-1480 | August 12, 1997 | Failure to Comply with Signal of Police Officer (F4) | 17 months | To be served concurrently to CR-97-1309 and CR-97-1554 |
| CR-97-2526 | October 8, 1997 | Escape (F2) | 8 years | To be served consecutively to CR-97-1309, CR-97-1480, and CR-97-1554 |

{¶ 3} The term "post-release control" was not specifically used in any of the sentencing entries, however, each of the entries stated that Bigelow was "given notice under R.C. 2929.19(B)(3)," which, at the time, required the trial court to "notify" the offender that a term of post-release control either would or may be imposed (depending on the nature and degree of the offense of which the offender was convicted) and the consequences of violating post-release control. As related to these offenses, R.C. 2967.28(B) provided for a mandatory term of five years' post-release control for a felony of the first degree; a mandatory term of three years' post-release control for a felony of

2.

the second degree or a felony of the third degree during which the offender caused or threatened physical harm to a person; and a discretionary term of up to three years' post-release control for a felony of the third or fourth degree. Under R.C. 2967.28(B), this period of post-release control would necessarily begin upon Bigelow's ultimate "release from imprisonment"—i.e., after he served all of the consecutive terms imposed.

{¶ 4} Bigelow appealed his convictions in Lucas County case Nos. CR-97-1554 and CR-97-2526. In Lucas County case No. CR-97-1554, this court vacated the three-year firearms specification. *State v. Bigelow,* 6th Dist. Lucas No. L-97-1330, 1998 Ohio App. LEXIS 5893 (Dec. 11, 1998). We affirmed Bigelow's conviction in case No. CR-97-2526. *State v. Bigelow,* 6th Dist. Lucas No. L-97-1403, 1998 Ohio App. LEXIS 3715 (Aug. 14, 1998).

{¶ 5} In October of 2010, Bigelow was resentenced in case Nos. CR-97-1554, CR-97-1309, and CR-97-2526, purportedly pursuant to *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, so that the trial court could afford Bigelow his right of allocution and advise him of the terms of post-release control and the penalties for violating post-release control, details that were not specifically set forth in the court's original judgment entries. Bigelow was resentenced as follows:

3.

| Lucas County Case No. | Date | Offense/ Degree of Offense | Sentence | Consecutive/ concurrent | Post-Release Control |
|---|---|---|---|---|---|
| CR-97-1554 | October 18, 2010 | Aggravated robbery (F1) | 7 years | To be served consecutively to CR-97-1309, and concurrently to CR-97-1480 | 5 years mandatory |
| CR-97-1309 | October 18, 2010 | Robbery (F3) | 5 years | To be served consecutively to CR-97-1554, and concurrently to CR-97-1480 | 3 years discretionary |
| CR-97-2526 | October 21, 2010 | Escape (F2) | 2 years | To be served consecutively to CR-97-1309 and CR-97-1554 | 3 years mandatory up to 5 years |

{¶ 6} Following his release from prison on these 1997 cases, Bigelow was charged with robbery, a third-degree felony, in case No CR-11-2596. He was sentenced to a prison term of 48 months, in addition to up to three years' discretionary post-release control. This conviction and sentence were memorialized in a judgment entry journalized on February 24, 2012. Because Bigelow was subject to post-release control at the time of committing this new offense, the court imposed a judicial sanction of 1,444 days in case No. CR-97-1554, to be served consecutively to his 48-month sentence in case No. CR-11-2596.[1]

---

[1] From the record, we are unable to ascertain when Bigelow was released from prison on the 1997 cases. Without a complete appellate record, we must presume the regularity of the proceedings. *State v. Newman*, 6th Dist. Wood No. WD-15-031, 2016-Ohio-2667,

4.

**{¶ 7}** In a motion dated September 14, 2017, Bigelow moved the trial court to vacate the judicial sanction sentence imposed in case No. CR-97-1554. He argued that post-release control was not properly ordered in the 1997 judgment entry, and by the time the trial court corrected the entry in 2010 to properly impose post-release control, he had already completed his sentence. Accordingly, he argued, the 1,444-day judicial sanction imposed by the court in 2012 was void.

**{¶ 8}** The state responded that: (1) Bigelow was resentenced after July 11, 2006 (the effective date of H.B. 137), and under R.C. 2929.19(B)(3)(e), 2967.28(B), and 2929.14(B)(3), the failure of a sentencing court to notify the offender of post-release control or to include it in the journal entry after this date "does not negate, limit, or otherwise affect" the mandatory period or affect the authority to impose a prison term for its violation; (2) Bigelow himself requested to be resentenced to correct the notification and sentencing entry relative to the imposition of post-release control—at which time his overall sentence in case No. CR-97-1554 was reduced—thus, he cannot now complain that the resentencing occurred; and (3) Bigelow did not demonstrate that he relied on the absence of post-release control at his resentencing.

**{¶ 9}** In a judgment entry journalized on December 6, 2017, the trial court denied Bigelow's motion "for the reasons stated in the State's opposition." Bigelow appealed and assigns a single error for our review:

¶ 7; App.R. 9. We therefore assume that the judicial sanction was properly calculated and complied with the sentence imposed.

5.

The trial court erred when it denied Brian Bigelow's motion to vacate his judicial-sanction sentence. *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700. Dec. 5, 2017 Judgment Entry.

## II. Law and Analysis

{¶ 10} Bigelow claims that the judicial sanction imposed by the court in 2012 is invalid because the 1997 judgment entry in case No. CR-97-1554 did not comply with the mandates set forth by the Ohio Supreme Court in *Grimes,* thereby rendering the judgment void. He further claims that because he had completed his sentence by the time he was resentenced in October of 2010, the error could not be corrected.

{¶ 11} The state argues that Bigelow invited error and is judicially estopped from challenging his resentencing because he took a contrary position in requesting to be resentenced. It contends that Bigelow's sentence had not expired at the time of resentencing because when consecutive prison terms are imposed, under Ohio Adm.Code 5120-2-03.1, "the term to be served is the aggregate of all of the stated prison terms so imposed." The state insists that the 1997 entry complied with then-existing law, *Grimes* does not apply retroactively, and the information he received at the 1997 sentencing was sufficient to put a reasonable person on notice of the terms and consequences of violating post-release control. And it maintains that the 1997 entry was voidable, not void, and the doctrine of res judicata prevents collateral attacks that were raised or could have been raised on direct appeal of a voidable sentence.

6.

**{¶ 12}** We review a trial court's denial of a motion to vacate under a de novo standard of review. *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8. Applying that standard, we find here that the trial court did not err in denying Bigelow's motion to vacate the judicial sanction.

## A. *Grimes* is not applied retroactively.

**{¶ 13}** In *Grimes,* the Ohio Supreme Court examined what information a trial court must include in a sentencing entry when imposing post-release control. It held that the entry must specify (1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the Adult Parole Authority will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute. *Id.* at ¶ 1.

**{¶ 14}** In essence, Bigelow argues that *Grimes* must be applied retroactively. We recently considered a similar argument in *State v. Madrid,* 6th Dist. Lucas No. L-17-1299, 2018-Ohio-1873. In *Madrid,* the defendant argued that the trial court erred in denying his motion to vacate his 1,361-day sentence imposed for his violation of post-release control. He claimed that because the sentencing entry in his case did not contain the information required by *Grimes,* his post-release control sanction should be vacated. The state argued, inter alia, that the sentencing entry complied with the requirements in effect at the time of sentencing, and it urged that *Grimes* should not be applied retroactively.

7.

**{¶ 15}** We held that under *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, *Grimes* did not apply retroactively. *Ali* at ¶ 6, citing *State v. Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972) (A new judicial ruling "may not be applied retroactively to a conviction that has become final," and "may be applied only to cases that are pending on the announcement date."). We found that appellant had exhausted all of his appellate remedies several years before *Grimes* and his motion to vacate was not pending on the announcement date of *Grimes,* therefore, his conviction had already become final and was not subject to the application of *Grimes*. And because his sentencing entry complied with the then-existing body of case law concerning the imposition of post-release control, we concluded that the trial court properly denied appellant's motion to vacate his post-release control sanction.

**{¶ 16}** But this case adds an extra layer of complexity that was not present in *Madrid.* This is because the trial court—at Bigelow's request and believing that it had not properly advised Bigelow of "the applicable five-year period of post-release control [and] penalty for violating that post-release control"—resentenced Bigelow in October of 2010. While it is undisputed that the 2010 resentencing entry contained all the required information concerning post-release control, it was entered 13 years after the original sentencing, therefore, Bigelow had already served his entire sentence in case No. CR-97-1554; he had not, however, completed the terms imposed in case Nos. CR-97-1309 and CR-97-2526. Accordingly, we must examine a number of issues in evaluating Bigelow's assignment of error, including:

8.

(1) whether the 1997 entry complied with the then-existing body of law concerning the imposition of post-release control;

(2) whether Bigelow was properly resentenced in October of 2010 in case No. CR-97-1554 when he had served his entire sentence in that case but had yet to complete the terms imposed consecutive to that sentence; and

(3) if, in fact, Bigelow was not properly resentenced in October of 2010 in case No. CR-97-1554, whether the penalty for violation of post-release control in case No. CR-97-1554 could properly be imposed in 2012.

**B.  The 1997 entry complied with then-existing law for post-release control.**

{¶ 17} Bigelow does not claim that the trial court failed to orally notify him of the mandatory term of post-release control and the consequences of violating it, and he did not include in the record the transcript from the 1997 sentencing hearing.  We, therefore, presume that the proper advisements were made and that the only issue here is with respect to the adequacy of the sentencing entry.  *See Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 20 (recognizing that where no hearing transcript is introduced into the record, we must assume the regularity of the sentencing hearing).

{¶ 18} On a number of occasions, this court has had the opportunity to consider whether the language used by the trial court in the sentencing entry here—"Defendant has been given notice under R.C. 2929.19(B)(3)"—was sufficient to meet the statutory requirement to incorporate post-release control into the sentencing judgment entry.  We held that it was.  *State v. Milazo*, 6th Dist. Lucas No. L-07-1264, 2008-Ohio-5137, ¶ 27;

9.

*State v. Tribue*, 6th Dist. Lucas Nos. L-10-1250, L-10-1251, 2011-Ohio-4282, ¶ 11

("Because the trial court's judgment entry of sentence referenced R.C. 2929.19(B)(3)(c)

and because that statute at that time referenced the postrelease control statute, R.C.

2967.28, the judgment entry was sufficient to impose postrelease control."); *State v.*

*Rossbach*, 6th Dist. Lucas No. L-09-1300, 2011-Ohio-281, ¶ 104-108.

{¶ 19} Because the sentencing entry here provides that "Defendant has been given

notice under R.C. 2929.19(B)(3)," we find that the 1997 entry complied with then-

existing law for providing notice in a sentencing entry of the terms of post-release

control.

### C. Bigelow was not properly resentenced in October of 2010.

{¶ 20} Despite our conclusion that the 1997 entry was proper, Bigelow filed a

motion for resentencing on November 18, 2009, on the basis that the court had failed to

properly advise him of the terms of post-release control and failed to incorporate the

notification into the sentencing entry. The trial court granted that motion and resentenced

Bigelow. When it did so, the court actually *decreased* Bigelow's prison term from ten to

seven years.

{¶ 21} For criminal sentences imposed before July 11, 2006, R.C. 2929.191

permits a trial court to correct an error in a judgment entry relating to the imposition of

post-release control, but only if it does so before the offender's release from

imprisonment as to that particular offense. A trial court may *not* resentence a defendant

to add a term of post-release control as a sanction for a particular offense after the

10.

defendant has already served the prison term for that offense. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 18. In other words, an entry cannot be corrected after the offender has served his sentence for that offense, even if he is serving a term of imprisonment on another offense. The Ohio Supreme Court clarified this in *Holdcroft* when it held that "Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense. It is irrelevant whether the defendant is still in prison for other offenses." *Id.* at ¶ 19. This is because "Ohio felony sentencing is offense-specific, not incarceration-specific, and a prison sanction that forms a sentence for one offense cannot be packaged with a prison sanction for another offense." *See Holdcroft* at ¶ 13.

{¶ 22} The state argues that under the doctrines of judicial estoppel and invited error, Bigelow cannot now challenge the October 2010 judgment entry. It also argues that Bigelow received the benefit of the shorter sentence imposed in the second entry. But Ohio courts recognize that "[p]arties to an action cannot, through invited error, confer jurisdiction where none exists." *State v. Minkner*, 194 Ohio App.3d 694, 2011-Ohio-3106, 957 N.E.2d 829, ¶ 25 (2d Dist.). In fact, where the trial court modifies a sentence without jurisdiction to do so, the original sentence must be reinstated. *Id.*, citing *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 12 (1st Dist.).

11.

{¶ 23} We find here that the trial court actually lacked jurisdiction to resentence Bigelow in 2010 because Bigelow had served his sentence. The effect of this is that in this case, the 1997 judgment remains valid, except as to the firearms specification vacated by this court. Thus, the 1997 entry—not the 2010 entry—controls here.

**D. The penalty for violation of post-release control was properly imposed.**

{¶ 24} Because the court was without jurisdiction to resentence Bigelow after he had fully served the prison sentence in case No. CR-97-1554, and because we have determined that the imposition of post-release control in 1997 complied with then-existing law, the trial court properly imposed the 1,444-day judicial sanction when Bigelow was convicted of the offense in case No. CR-11-2596. We, therefore, conclude that the trial court properly denied Bigelow's motion to vacate judicial sanction.

{¶ 25} Accordingly, we find Bigelow's sole assignment of error not well-taken.

### III. Conclusion

{¶ 26} We conclude that (1) the trial court's 1997 sentencing entry properly notified Bigelow of post-release control requirements; (2) the trial court did not have jurisdiction to resentence Bigelow in 2010, therefore, the 1997 sentencing entry controls; (3) the Ohio Supreme Court's decision in *Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, is not to be applied retroactively; and (4) the trial court properly ordered Bigelow to serve 1,444 days for violation of post-release control upon his conviction in case No. CR-11-2596.

12.

**{¶ 27}** We, therefore, find Bigelow's sole assignment of error not well-taken and affirm the December 6, 2017 judgment of the Lucas County Court of Common Pleas. The costs of this appeal are assessed to Bigelow under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                             _____
                                                                    JUDGE
Thomas J. Osowik, J.

                                                       _____
Christine E. Mayle, P.J.                             JUDGE
CONCUR.

                                                       _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.