In re McBride; Hamilton County Department of Job and Family Services, Appellant; Fugate, Appellee.

[Cite as *In re McBride,* 110 Ohio St.3d 19, 2006-Ohio-3454.]

(No. 2004–1917—Submitted October 26, 2005—Decided July 19, 2006.)

Lanzinger, J.

{¶ 1} We accepted this discretionary appeal to determine whether a natural parent who lost permanent custody of a child has standing to file a petition for custody of that child as a nonparent.

{¶ 2} In the summer of 1996, appellant, Hamilton County Department of Human Services, now known as Hamilton County Job and Family Services ("HCJFS"), filed a complaint alleging that Selina McBride, who was born on February 8, 1990, and her brother were neglected, dependent, and abused. When the amended complaint was filed, Peggy Fugate, Selina's natural mother, was incarcerated, and the children, then ages six and 12, were found living alone. The parties stipulated to the factual allegations of the complaint, and Selina was placed in the temporary custody of HCJFS. In April 1997, HCJFS filed a motion for permanent custody of Selina. A hearing was held, and the juvenile court approved the magistrate's award of permanent custody to HCJFS. Fugate did not file any objections to the magistrate's decision. Adoption was the new case-plan goal for Selina. Yet despite many placement attempts, Selina was not adopted and has been in a variety of foster homes and institutions.

{¶ 3} On May 15, 2003, after learning that Selina had not been adopted, Fugate filed a petition as a nonparent for custody of Selina. HCJFS filed a motion to dismiss the petition arguing that Fugate lacked standing to assert a claim for custody, that her petition is barred by res judicata, and that she had filed a facially deficient petition. The magistrate issued a decision granting the motion to dismiss, and Fugate objected. The juvenile court set aside the magistrate's decision, allowed Fugate to present her petition as a nonparent, and certified the matter to the First District Court of Appeals for a ruling on the interlocutory order.

{¶ 4} The First District affirmed the judgment of the juvenile court, concluding that there was no legal bar to Fugate's pursuit of custody of Selina, because Juv.R. 10 states that "any person" may file a petition for custody of a child. *In re McBride*, 158 Ohio App.3d 572, 2004-Ohio-5269, 817 N.E.2d 459, at ¶ 10. The appellate court also determined that Fugate's termination of parental rights should not place her in a worse position than that of a legal stranger to the child. Id. The district court went on to state, "We refuse to create a separate class of people who cannot file for custody. That class would consist of only one, or perhaps two, people in the entire world—the natural parent or parents who have previously lost custody." Id. at ¶ 13.

{¶ 5} We accepted HCJFS's discretionary appeal on its sole proposition of law, which states, "Pursuant to R.C. 2151.414(F) an individual whose parental rights have been terminated and whose child has achieved permanency by being committed to the permanent custody of a Public Children Services Agency does not have standing to file a petition for custody by [a] non parent concerning that

child with whom they [sic] have had no contact and/or relationship for a significant period of time."

## Permanent Custody Statutes—R.C. 2151.414 and 2151.353

{¶ 6} HCJFS and the guardian ad litem argue that the First District was incorrect when it stated that there was no statute that addressed Fugate's standing to file a petition for custody.[1] They contend that R.C. 2151.414(F), relating to standing in permanent custody cases, and 2151.353(E)(2), relating to changes in dispositions, preclude Fugate from filing such a petition. We agree.

{¶ 7} In 1997 HCJFS filed a motion for permanent custody pursuant to R.C. 2151.413.[2] A hearing was conducted under R.C. 2151.414, and the agency was granted permanent custody of Selina. "Permanent custody" is defined in R.C. 2151.011(B)(30) as "a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, *and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations.*" (Emphasis added.) "Residual parental rights, privileges, and responsibilities" include "the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support." R.C. 2151.011(B)(45).

{¶ 8} R.C. 2151.414(F) provides that once permanent custody has been awarded to a public children services agency, such as HCJFS, "[t]he *parents* of a child for whom the court has issued an order granting permanent custody pursuant to this section, upon the issuance of the order, *cease to be parties to the action.* This division is not intended to eliminate or restrict any right of the parents to appeal the granting of permanent custody of their child to a movant pursuant to this section." (Emphasis added.)

{¶ 9} Fugate's petition for custody was filed with the same case number used in the amended complaint of abuse, neglect, and dependency that resulted in Fugate's parental rights being terminated. On its face, R.C. 2151.414(F) bars Fugate from participating as a party in her daughter's juvenile court case after the permanent custody order was issued. The Twelfth District has found that R.C. 2151.414(F) denies standing to a parent who wishes to file a post-permanency-order motion but whose rights have been terminated. See *In re Butkus* (July 14, 1997), Warren App. No. CA97–01–014, 1997 WL 401527 (a parent whose rights have been terminated by a permanent custody order is no longer a party to

---

1. HCJFS raised R.C. 2151.414(F) in its appellate brief to the First District, but the appellate court did not address this statute in its decision.

2. This is a step beyond the issues of "legal custody" and "parental unsuitability" that we recently discussed in *In re C.R.*, 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188.

the action under R.C. 2151.414(F) and as such has no standing to challenge the permanent custody order in a motion for a new trial); *In re Adkins Children* (Mar. 23, 1992), Butler App. No. CA91–01–013, 1992 WL 56768 (except for purposes of directly appealing the order awarding permanent custody to another, natural parents have no standing to challenge either the denial of their motion for a mistrial or the denial of the paternal grandmother's motion for visitation); but, see, *In re Phillips* (Sept. 29, 2003), Butler App. No. CA2003–03–062, 2003 WL 22227364 (R.C. 2151.414(F) operates prospectively, in that it excludes parents from future proceedings relating to the child, but does not operate to divest a parent of the right to challenge validity of the judgment under Civ.R. 60(B)). The Eleventh District has found that paternal grandparents also lacked standing under R.C. 2151.414(F) to file a motion for visitation after their son's parental rights were terminated. *In re Nelson* (Mar. 29, 1996), Geauga App. No. 95–G–1918, 1996 WL 200618.

{¶ 10} In addition to R.C. 2151.414(F), R.C. 2151.353(E)(2) also denies Fugate standing to file for custody of Selina. That statute provides a mechanism to modify or terminate the dispositional order issued pursuant to R.C. 2151.414.[3] Those who are allowed to request modification or termination are (1) any public children services agency, (2) any private child-placing agency, (3) the department of job and family services, and (4) any party, other than any parent whose parental rights with respect to the child have been terminated. Id.; see, also, *In re Crowder* (Oct. 3, 2002), Cuyahoga App. No. 80738, 2002 WL 31195430.

{¶ 11} Although Fugate's petition does not state specifically that she seeks to modify or terminate the August 1997 dispositional order terminating her parental rights, that, in essence, is what she requests. In her petition, Fugate alleges that Selina's best interest would be served by awarding her custody because she is the natural mother and "the problems that required Selina to be placed in foster care, have been totally cleared up for over 5 consecutive years, and [Fugate has] been a model citizen during this time." Fugate, however, does not fall within one of the four categories of persons or entities with standing to seek modification or termination of a dispositional order. Not only does R.C. 2151.414(F) preclude her as a party, but R.C. 2151.353(E)(2) specifically prohibits her from requesting a modification or termination of permanent custody.

---

3. R.C. 2151.353(E)(2) provides: "Any public children services agency, any private child placing agency, the department of job and family services, or any party, other than any parent whose parental rights with respect to the child have been terminated pursuant to an order issued under division (A)(4) of this section, by filing a motion with the court, may at any time request the court to modify or terminate any order of disposition issued pursuant to division (A) of this section or section 2151.414 or 2151.415 of the Revised Code. The court shall hold a hearing upon the motion as if the hearing were the original dispositional hearing and shall give all parties to the action and the guardian ad litem notice of the hearing pursuant to the Juvenile Rules. If applicable, the court shall comply with section 2151.42 of the Revised Code."

Juv.R. 10—"Any Person"

{¶ 12} The First Appellate District did not discuss either of the foregoing statutes, but determined that Fugate had standing to file a petition for custody because Juv.R. 10 allows "any person" to file a complaint for custody. Juv.R. 10(A) provides, "Any person may file a complaint to have determined the custody of a child not a ward of another court of this state, and any person entitled to the custody of a child and unlawfully deprived of such custody may file a complaint requesting a writ of habeas corpus. Complaints concerning custody shall be filed in the county where the child is found or was last known to be."

{¶ 13} The authority to promulgate rules for the courts of Ohio stems from Section 5(B), Article IV of the Ohio Constitution, which provides: "The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right." In *Krause v. State* (1972), 31 Ohio St.2d 132, 145, 60 O.O.2d 100, 285 N.E.2d 736, we defined "substantive" as used in that section as "that body of law which creates, defines and regulates the rights of the parties." Given this definition, we find that the right to file a petition for custody is substantive and that Juv.R. 10 must be read in conjunction with the limitations expressed in R.C. 2151.414(F) and 2151.353(E)(2). Therefore, Juv.R. 10 may not override the express statutory language by conferring standing on Fugate to file a complaint for custody.

{¶ 14} We find unpersuasive the arguments that Fugate should not be placed in a worse position than a legal stranger and that in denying her standing we create a separate class of those who cannot file for custody. Fugate is already in a limited class of two as one of Selina's biological parents whose own actions caused her parental rights to be terminated. Nevertheless, she still may have an opportunity to obtain custody in the future, but only upon the initiative of Hamilton County Job and Family Services, which has authority under R.C. 2151.353(E)(2) to request that the juvenile court modify Selina's disposition. We recognize that Selina's current situation is not ideal, but neither court below has found any fault with HCJFS's efforts to find her a permanent home. In denying standing to Fugate and disallowing her to file on her own behalf for custody of Selina, we are following the statutes as they are written.

Conclusion

{¶ 15} We hold that a parent who has lost permanent custody of a child does not have standing as a nonparent to file a petition for custody of that child. The judgment of the court of appeals is reversed.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Joseph T. Deters, Hamilton County Prosecuting Attorney, Lashawn C. Hart, and Mark Resler, Assistant Prosecuting Attorneys, for appellant.

Christopher P. Kapsal, for appellee.

Hamilton County Public Defender Guardian Ad Litem Division and Kimberly A. Helfrich, for guardian ad litem.

Philip M. Collins & Associates and Trevor Clark; and Kent Markus, urging reversal for amicus curiae, National Center for Adoption Law and Policy.