DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} This appeal is from the denial of a mother's motion for legal custody of her child, following the involuntary termination of her parental rights. In lieu of a merit brief, the mother's lawyer filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and also filed a motion for permission to withdraw from the case. This Court has reviewed the potential issues set forth in the Anders Brief and the mother's responsive brief, and has independently reviewed the record, finding no issues meriting reversal of the trial court judgment. Accordingly, this Court affirms the judgment of the trial court and grants counsel's motion to withdraw.
 FACTS {¶ 2} Linda H. is the mother of Z.D., who was born on April 9, 2006. On November 21, 2006, CSB filed a complaint in juvenile court, alleging that Z.D. was dependent and expressing concern about the mother's mental health and irrational behavior. A lawyer was *Page 2 
appointed to represent the mother on the legal aspects of her case and also as her guardian ad litem. In due course, Z.D. was adjudicated dependent and was placed in the temporary custody of the agency. After nearly a year of case-planning efforts, CSB moved for permanent custody and, on February 21, 2008, that motion was granted by the trial court. The mother did not appeal from that decision. On March 11, 2008, the mother, proceeding pro se, filed a document captioned Motion for Change of Legal Custody. The trial court denied the mother's motion on the ground that she lacked standing to seek custody after her parental rights had been terminated.
 {¶ 3} Following journalization of its order, the trial court appointed a new lawyer to represent the mother on appeal. That lawyer filed anAnders brief with this Court, in accordance with Anders v.California, 386 U.S. 738 (1967), in which he concluded that there are no meritorious assignments of error. He also filed a motion to withdraw from representation of his client because, after a review of the record, he believed any appeal would be frivolous. Nevertheless, consistent with the directive of the United States Supreme Court to assist the appellate court by referring to any matters of record that might arguably support an appeal, the mother's lawyer submitted three possible issues to this Court. See Anders, 386 U.S. at 744. The mother was served with a copy of that brief and has filed a response. She has argued, in general, that there was merit in the issues cited by her lawyer, but did not assign any additional errors or present any additional arguments. Summit County Children Services Board did not file an appellate brief.
 RELIEF FROM JUDGMENT {¶ 4} In briefing this case, the mother's lawyer has presented three potential issues, but has concluded that there is no merit in any of them. The first issue is whether the mother's motion for a change of legal custody was, in effect, a motion for relief from judgment and *Page 3 
whether such a motion might have merit. The motion was based on the fact that the mother had gained a spot on a waiting list for housing after the trial court terminated her parental rights. The question, therefore, is whether the mother's newly acquired position on a waiting list for housing could alter the decision to terminate the mother's parental rights. This fact would be relevant, if at all, to the question of whether the child could be placed with a parent within a reasonable time or should be placed with a parent. While the trial court did enter a finding on this factor when it terminated the mother's parental rights, the court also found that the mother had abandoned her child, making the issue of whether the child could be placed with a parent within a reasonable time inconsequential. See R.C. 2151.414(B)(1)(b). Accordingly, regardless of the label attached to the motion, the substance of it is immaterial and this issue is without merit.
 LATE APPEAL {¶ 5} The second issue is whether the mother could challenge the grant of permanent custody by challenging the denial of her motion for a change of legal custody. The failure to timely file a notice of appeal from the order terminating her parental rights precludes the mother from challenging issues that could have been raised in a direct appeal from that order. See State v. Saxon, 109 Ohio St. 3d 176, 2006-Ohio-1245, at ¶ 16. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." Id This Court has no jurisdiction to review the permanent custody decision because no timely notice of appeal was filed from that decision. The second possible issue for review lacks merit.
 CHANGE OF LEGAL CUSTODY {¶ 6} Finally, the third issue is whether a mother may move for a change of legal custody after her parental rights have been terminated. The Ohio Supreme Court has indicated that a parent who has lost permanent custody of a child does not have standing as a non-parent to *Page 4 
file a petition for custody of that child. See In re McBride,110 Ohio St. 3d 19, 2006-Ohio-3454, syllabus. The trial court entered its decision terminating the mother's parental rights to Z.D. on February 21, 2008, and the mother filed her motion to change legal custody on March 11, 2008. Under McBride, the child's mother was a non-parent when she moved for custody of the child and lacked standing to file that motion. This issue is without merit.
 CONCLUSION {¶ 7} None of the issues presented for review by the mother's appointed lawyer are meritorious. The mother filed a responsive brief, but her brief does not present this Court with any arguments that were not previously raised or otherwise considered by this Court. Furthermore, this Court has independently reviewed the trial court record, including the transcript of the permanent custody hearing. As part of that review, the question of the ineffective assistance of trial counsel in failing to appeal directly from the order terminating parental rights has been considered. That review has failed to reveal the existence of reversible error and, therefore, the prejudice necessary to any ineffectiveness determination. See State v.Bradley, 42 Ohio St. 3d 136, paragraph two of the syllabus (1989). Accordingly, this appeal is without merit and wholly frivolous underAnders. Counsel's motion to withdraw is granted. The judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 CARR, P. J. MOORE, J. CONCUR *Page 1