[Cite as *In re N.P.*, 2019-Ohio-1053.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: N.P., DEPENDENT CHILD. | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2018-L-105** |

Civil Appeal from the Lake County Court of Common Pleas, Juvenile Division.
Case No. 2013 DP 00145.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor; *Karen A. Sheppert* and *Eric J. Foisel*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Appellee Lake County Department of Job and Family Services).

*John S. Salem*, Denman & Lerner Co., L.P.A., 8039 Broadmoor Road, Suite 22, Mentor, OH 44060 (For Appellant Veronica Pease).

*Darya Jeffreys Klammer*, The Klammer Law Office, Ltd., 7482 Center Street, Unit 6, Mentor, OH 44060 (Guardian ad litem).


TIMOTHY P. CANNON, J.

{¶1} On August 2, 2018, the Juvenile Division of the Lake County Court of Common Pleas denied a Civ.R. 60(B) motion filed by appellant, Veronica Pease. Appellant had requested the trial court grant her relief from its prior decision granting permanent custody of N.P. to appellee, Lake County Department of Job and Family

Services ("Lake County JFS").  Appellant, N.P.'s biological mother, now appeals from the trial court's denial, and we affirm the judgment.

{¶2}    Appellant's parental rights regarding N.P. were terminated on April 17, 2015.  The parental rights of N.P.'s father were also terminated, and Lake County JFS was awarded permanent custody of N.P., who was eight years old at the time.  N.P. was initially placed in a certified foster home.  In July 2016, she was moved to a placement with her paternal grandmother and step-grandfather in the state of Georgia, with the intention of adoption.  In July 2017, the placement with her paternal grandparents disrupted, and N.P. was returned to her former foster home in Ohio.

{¶3}    Appellant became aware of the disruption in N.P.'s placement, and on May 15, 2018, she filed a "motion to vacate" the judgment that granted permanent custody of N.P. to Lake County JFS, pursuant to Civ.R. 60(B).  Appellant represented that she is now capable of raising N.P.  Lake County JFS filed a brief in opposition.

{¶4}    On August 2, 2018, the trial court held a hearing on the motion.  Testimony was presented by appellant and a representative of Lake County JFS.  N.P.'s guardian ad litem presented her recommendation to the court.  Also present were appellant's counsel and the assistant prosecutor.  The trial court entered judgment that day, summarily denying appellant's motion for relief from judgment.

{¶5}    Appellant noticed an appeal but has not provided this court with a transcript of the hearing.  She presents one assignment of error for our review:

{¶6}    "It was error for the Trial Court to deny Mother's Motion to Vacate Judgment."

{¶7}    To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is

2

entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶8} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987) (citations omitted).

{¶9} Appellant sought relief under the grounds stated in Civ.R. 60(B)(4) and (5), which provide: "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶10} Appellant asserts she is entitled to relief under (B)(4) because the permanent custody order was based, at least in part, on N.P.'s placement with her grandparents with the intention of adoption soon thereafter. She contends that because the placement was disrupted, and adoption by the grandparents appears to no longer be an option, the purpose of the permanent custody order can no longer be effectuated; therefore, it is no longer equitable for the order to have prospective application. Under (B)(5), appellant asserts she is entitled to relief because she has successfully turned around her life, has custody of two of N.P.'s younger siblings, and is now capable of raising N.P.

3

{¶11} There is absolutely no evidence in the record to support appellant's contentions regarding her changed circumstances. Further, the decision to terminate appellant's parental rights was not, as she suggests, due to N.P.'s placement with her paternal grandparents with the intention of eventual adoption. The limited record we do have indicates that during the permanent custody proceedings, N.P. expressed a desire to live with her paternal grandmother. She was not placed with her grandparents, however, until July 2016—over one year after the trial court terminated appellant's parental rights. In addition, the trial court's permanent custody order states: "[N.P.] feels safe with her paternal grandmother and her foster mother. Neither are options for permanency."

{¶12} We conclude the record before us does not demonstrate that appellant set forth sufficient operative facts demonstrating she has grounds for relief from the permanent custody order under either Civ.R. 60(B)(4) or (5). Accordingly, we cannot say the trial court abused its discretion when it denied her motion for relief from judgment.

{¶13} We find further support for our conclusion in an opinion from the Ninth Appellate District, which addressed similar arguments raised in a Civ.R. 60(B) motion. The Court explained:

> Mother has not demonstrated that such extraordinary or unusual facts exist in this case. Although the circumstances of the parties have changed in a way that may not have been expected at the time of judgment, those changes have no bearing on the legal soundness of the trial court's original decision made under the facts at that time. Facts and circumstances of the children and the parents will often change in ways that are not specifically anticipated at the time of permanent custody decision. The purpose of Civ.R. 60(B) is to limit the trial court's authority to vacate judgments, not to open all judgments to collateral attack based on changed circumstances of the parties.

*In re J.W.*, 9th Dist. Summit No. 26874, 2013-Ohio-4368, ¶31.

4

**{¶14}** Finally, we note that appellant, through counsel, submitted a copy of a law review article in support of her motion and her appeal, to wit: Adams, *(Re-)grasping the Opportunity Interest:* Lehr v. Robertson *& the Terminated Parent*, 25-FALL Kan.J.L. & Pub. Pol'y 31 (2015). Relying on the U.S. Supreme Court case of *Lehr v. Robertson*, 463 U.S. 248 (1983), the author "assert[s] that terminated parents retain an opportunity interest in their un-adopted biological children and cannot be prohibited from 're-grasping' that interest." *Id.* at 32. The article discusses "reinstatement statutes," which, at the time of its writing, had been enacted in 19 states.

**{¶15}** While the discussion is intellectually compelling, it is not legally persuasive. Ohio does not currently have a "reinstatement statute." Under Ohio's statutory scheme, a parent who has lost permanent custody of a child "may have an opportunity to obtain custody in the future," but not upon their own initiative. *In re McBride*, 110 Ohio St.3d 19, 2006-Ohio-3454, ¶14, citing former R.C. 2151.353(E)(2). Current R.C. 2151.353(F)(2) provides that the authority to request the juvenile court modify or terminate a child's disposition lies with "any public children services agency, any private child placing agency, the department of job and family services, or any party, *other than* any parent whose parental rights with respect to the child have been terminated pursuant to an order issued under division (A)(4) of this section." (Emphasis added.)

**{¶16}** For the reasons stated herein, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.