[Cite as *In re A.G.*, 2020-Ohio-2762.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re A.G.

Court of Appeals No. L-19-1230

Trial Court No. JC 19273947

**DECISION AND JUDGMENT**

Decided: May 1, 2020

* * * * *

Judith A. Myers, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Plaintiff-appellant, P.G., appeals the August 28, 2019 judgment of the Lucas County Court of Common Pleas, Juvenile Division, dismissing her third-party complaint for visitation and companionship, or in the alternative, custody of minor child. For the following reasons, we affirm, in part, and reverse, in part.

## I. Background

{¶ 2} P.G. is the biological mother of A.G. On April 9, 2014, the Lucas County Court of Common Pleas, Juvenile Division, entered a judgment terminating P.G.'s parental rights and awarding permanent custody to Lucas County Children's Services ("LCCS"). In a decision and judgment dated November 3, 2014, we affirmed the trial court judgment. *In re A.G.,* 6th Dist. Lucas No. L-14-1079 (Nov. 3. 2014).

{¶ 3} On April 2, 2019, P.G. filed a third-party complaint for visitation and companionship, or in the alternative, custody of the minor child. According to P.G.'s complaint, A.G. is currently in the legal custody of C.A., Jr. ("C.A."), P.G.'s ex-husband. C.A. is not A.G.'s biological father, but C.A. and P.G. have two other minor children together, of whom C.A. is the residential parent and legal custodian. P.G. is allowed unsupervised parenting time with those two children. P.G. alleges that C.A. is not permitted to adopt A.G. because he has felony convictions.

{¶ 4} P.G. claims that C.A. has not provided A.G. with a stable living environment, has had multiple evictions, has not maintained sobriety, and has been incarcerated on numerous occasions since becoming A.G.'s legal custodian, and she insists that C.A.'s behavior has negatively impacted A.G. and caused her emotional distress. P.G. maintains that C.A. has represented that he is willing to allow P.G. to have contact with A.G., she has no mental illnesses that would prevent her from caring for A.G., and it is in A.G.'s best interest that they have a relationship.

2.

**{¶ 5}** P.G. named only C.A. as a defendant in her original complaint. On June 20, 2019, she filed an amended complaint adding LCCS as a defendant. In her amended complaint, she alleges that LCCS has not accomplished the goals of the case plan approved for the child and has neglected its responsibilities to A.G. P.G. also alleges that C.A. has neglected A.G. and failed to provide for her basic needs, and that it is not in A.G.'s best interest to observe her half-siblings maintain a relationship with their mother while A.G. is not permitted the same privilege. P.G.'s amended complaint omits any request that she be awarded custody of A.G., however, she again requests visitation and companionship.

**{¶ 6}** C.A., acting pro se, moved to dismiss P.G.'s complaint. He argued that under R.C. 2151.414 and 2151.353, P.G. lacks standing to petition for visitation, companionship, or custody and that her claims are barred by res judicata. In support of these arguments, C.A. relied, in large part, on the Ohio Supreme Court's decision in *In re McBride*, 110 Ohio St.3d 19, 2006-Ohio-3454, 850 N.E.2d 43, where the court held that "[a] parent who has lost permanent custody of a child does not have standing as a nonparent to file a petition for custody of that child (R.C. 2151.414(F) and 2151.353(E)(2),[1] applied)." *Id.* at syllabus.

**{¶ 7}** P.G. opposed C.A.'s motion. She clarified that her complaint and amended complaint allege dependency and neglect under R.C. 2151.27(A)(1), which confers

---

[1] R.C. 2151.353(E)(2) has since been renumbered 2151.353(F)(2).

3.

standing to "any person."  She emphasized that both R.C. 2151.27(A)(1) and Juv.R. 10 authorize "any person" to file a complaint for dependency and neglect, R.C. 2151.414(F) and 2151.353(F)(2) were not implicated, and *In re McBride* was inapplicable.  P.G. also argued that "[i]t is inconceivable how a parent who lost permanent custody of a child would not have any redress by the court pursuant to Juv.R. 10 to request custody once they ceased to no longer be a party [sic] to the original action in which his/her rights were terminated."  She insisted that "individuals like her * * * should be in a position to take action when the child desperately needs it."

{¶ 8} The magistrate granted C.A.'s motion to dismiss.  She agreed with C.A. that because P.G.'s parental rights were terminated, she lacked standing to seek either custody of or visitation with A.G.  Like C.A., the magistrate relied primarily on the Ohio Supreme Court's decision in *In re McBride*.  She also relied on *In re T.C.*, 9th Dist. Summit No. 23851, 2007-Ohio-6787, where the court reached the same conclusion under procedurally different circumstances.  The trial court affirmed and adopted the magistrate's decision on August 6, 2019.

{¶ 9} P.G. filed objections to the magistrate's decision.  She reiterated her position that R.C. 2151.27 and Juv.R. 10 confer standing to "any person" to file a complaint alleging dependency or neglect.  She contended that unlike the parents in *In re McBride* and *In re T.C.,* she initiated her own proceedings alleging dependency and neglect, just as anyone else would have standing to do.  P.G. also argued that to deny her standing would violate her due process and equal protection rights.

4.

{¶ 10} In a judgment journalized on August 28, 2019, the trial court found P.G.'s objections not well-taken and affirmed the August 6, 2019 dismissal of P.G.'s complaint. P.G. appealed and assigns the following errors for our review:

FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION PURSUANT TO JUV.R. 40(D)4)(d) [sic][.]

SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED STANDING TO APPELLANT WHICH IS STATORILY [sic] CONFERRED[.]

THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION WHEN IT DENIED HER STANDING TO PURSUE HER CLAIMS RAISED PURSUANT TO OHIO REVISED CODE §2151.27(A)(1)[.]

FOURTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRONEOUSLY RELIED UPON CASE LAW AND STATUTES THAT ARE NOT RELEVANT TO THE PROCEEDING INITIATED BY APPEALANT [sic][.]

## II. Law and Analysis

{¶ 11} P.G. argues in her first assignment of error that the trial court failed to independently review the magistrate's decision as required under Juv.R. 40(D)(4)(d). Her second, third, and fourth assignments of error raise several challenges to the trial court's finding that she lacked standing to file her complaint. We address P.G.'s assignments of error out of order, and because her second, third, and fourth assignments of error are related, we address those assignments together.

{¶ 12} Neither C.A. nor LCCS filed an appellate brief.

### A. Standing

{¶ 13} P.G. argues that R.C. 2151.27(A)(1) and Juv.R. 10 conferred statutory standing to file a complaint alleging dependency and neglect. She maintains that because she had standing under this statute, her rights to due process and equal protection were violated when the court dismissed her complaint. P.G. also insists that the trial court relied on inapplicable statutes and case law in concluding that she lacked standing. "Whether a party has established standing to bring an action before the court is a question of law, which we review de novo." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20.

{¶ 14} R.C. 2151.27(A)(1) provides that "any person having knowledge of a child who appears to * * * be an * * * abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court * * *. The sworn complaint may be upon information and belief, and * * * shall allege the particular facts upon which the

6.

allegation that the child * * * is an * * * abused, neglected, or dependent child is based." If the complainant desires permanent custody, temporary custody, or the placement of the child in a planned permanent living arrangement, this must be stated in the complaint. R.C. 2151.27(C).

{¶ 15} Juv.R. 10(A) provides similarly. It states that "[a]ny person having knowledge of a child who appears to be neglected, dependent, or abused may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement * * *." Under Juv.R. 10(B), "[t]he complaint, which may be upon information and belief, shall * * * (1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court * * *; (2) Contain the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown; (3) Be made under oath." And under Juv.R. 10(D), (E), and (F), if a complainant is seeking permanent custody, temporary custody, or the placement of the child in a planned permanent living arrangement, this must be stated in the complaint.

### 1. Under Ohio law, a parent who has lost permanent custody of a child may not petition for custody of that child as a non-parent.

{¶ 16} No Ohio court has specifically considered the issue of whether a person whose parental rights have been terminated may file a complaint under R.C. 2151.27(A)(1), alleging dependency or neglect with respect to the child's current custodian. But in *In re McBride*, 110 Ohio St.3d 19, 2006-Ohio-3454, 850 N.E.2d 43,

7.

¶ 1, the Ohio Supreme Court accepted a discretionary appeal "to determine whether a natural parent who lost permanent custody of a child has standing to file a petition for custody of that child as a nonparent."

{¶ 17} In *In re McBride,* the mother's parental rights had been terminated in April of 1997, and permanent custody was awarded to Hamilton County Job and Family Services ("HCJFS"). In 2003, after learning that the child had still not been adopted, the mother filed a petition as a nonparent for custody of the child. HCJFS moved to dismiss the petition, arguing that the mother "lacked standing to assert a claim for custody, that her petition [was] barred by res judicata, and that she had filed a facially deficient petition." *Id.* at ¶ 3. The magistrate granted the motion to dismiss, and the mother objected. The juvenile court set aside the magistrate's decision, allowed the mother to present her petition as a nonparent, and certified the matter to the appellate court for a ruling on the interlocutory order.

{¶ 18} The appellate court affirmed the juvenile court's judgment, concluding that the mother was not legally barred from seeking custody of the child. In doing so, it relied on Juv.R. 10, which states that "any person" may file a petition for custody of a child. The court reasoned that the termination of the mother's parental rights "should not place her in a worse position than that of a legal stranger to the child." *In re McBride,* 158 Ohio App.3d 572, 2004-Ohio-5269, 817 N.E.2d 459, ¶ 10. The court stated that it would not treat parents who have previously lost custody as a separate class who cannot file for custody.

8.

{¶ 19} The Ohio Supreme Court accepted HCJFS's discretionary appeal. HCJFS and the guardian ad litem argued that the appellate court incorrectly concluded that there existed no statute that addressed the mother's standing to file a petition for custody. They maintained that R.C. 2151.414(F), relating to standing in permanent custody cases, and 2151.353(E)(2), relating to changes in dispositions, precluded the mother from filing such a petition. The Supreme Court of Ohio agreed.

{¶ 20} The court explained that when HCJFS was granted permanent custody of the child, the mother was divested "of all parental rights, privileges, and obligations, including all residual rights and obligations," including "the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support." R.C. 2151.011(B)(30) and (45).[2] The court observed that under R.C. 2151.414(F), once permanent custody is awarded to a public children's services agency, the child's parents "cease to be parties to the action," except for purposes of appeal.

{¶ 21} The court emphasized that the mother's petition for custody had been filed with the same case number used in the amended complaint of abuse, neglect, and dependency that resulted in her parental rights being terminated. Accordingly, after the permanent custody order was entered, R.C. 2151.414(F), on its face, barred her from participating as a party in her daughter's juvenile court case.

---

[2] Those statutes have since been renumbered R.C. 2151.011(31) and (48).

9.

{¶ 22} The court further recognized that in addition to R.C. 2151.414(F), R.C. 2151.353(E)(2) specifies that modification or termination of a dispositional order may be requested only by "(1) any public children services agency, (2) any private child-placing agency, (3) the department of job and family services, and (4) any party, *other than any parent whose parental rights with respect to the child have been terminated*." (Emphasis added.) The court explained that while the mother's petition did not state specifically that she sought to modify or terminate the dispositional order terminating her parental rights, this was, in essence, what she requested.

{¶ 23} The Ohio Supreme Court acknowledged that Juv.R. 10 allows "any person" to file a complaint for custody. It recognized that Section 5(B), Article IV of the Ohio Constitution authorizes the supreme court to promulgate rules "governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right." It explained that "substantive," as used in Section 5(B), is "'that body of law which creates, defines and regulates the rights of the parties.'" *In re McBride,* 110 Ohio St.3d 19, 2006-Ohio-3454, 850 N.E.2d 43, at ¶ 13, quoting *Krause v. State,* 31 Ohio St.2d 132, 145, 285 N.E.2d 736 (1972). The court concluded that "the right to file a petition for custody is substantive and that Juv.R. 10 must be read in conjunction with the limitations expressed in R.C. 2151.414(F) and 2151.353(E)(2)." *Id.* Juv.R. 10, therefore, did not confer standing on the mother to file a complaint for custody. In sum, the court held that "a parent who has lost permanent custody of a child does not have standing as a nonparent to file a petition for custody of that child." *Id.* at ¶ 15.

10.

{¶ 24} *In re McBride* involved a petition by a parent in an *existing* dependency case. In the second case relied upon by the magistrate here, *In re T.C.*, 9th Dist. Summit No. 23851, 2007-Ohio-6787, the parent attempted to seek custody in a *newly-filed* dependency case.

{¶ 25} In *In re T.C.*, the father's parental rights were terminated in 2002 and the child was placed in the permanent custody of CSB. While the child waited for an adoptive placement, she resided with a couple. In 2005, the couple expressed willingness to assume legal custody of the child, so CSB moved for a change of disposition. The trial court changed the disposition from permanent custody to legal custody to the couple.

{¶ 26} The next year, problems developed between the child and the couple and the couple informed CSB that they no longer wanted the child in their home. Instead of moving for another change of disposition in the original dependency case, CSB filed a new complaint. This triggered service on the biological parents. The father—who had not participated in the original proceedings and did not appeal the judgment terminating his parental rights—opposed CSB's motion.

{¶ 27} CSB moved to exclude the father as a party. It argued that the father's parental rights had been terminated in a prior case and the request for a new disposition did not resurrect those rights. The trial court agreed and granted CSB's motion to exclude him as a party. It placed the child back in the permanent custody of CSB.

{¶ 28} The father appealed. He argued that the trial court erred when it determined that he lacked standing to proceed as a party. He contended that his residual

11.

parental rights were resurrected when the trial court changed its prior disposition of permanent custody to CSB to legal custody to the couple. Like the trial court, the appellate court disagreed.

{¶ 29} The appellate court explained that all parental rights are terminated and the parent ceases to be a party to the action after the child is placed in the permanent custody of the agency under R.C. 2151.414. It observed that "R.C. 2151.353(E)(2), which provides for a change of disposition following permanent custody, explicitly excludes the biological parents from seeking a change of disposition." *Id.* at ¶ 12.

{¶ 30} CSB conceded at oral argument that it made a procedural error when it filed a new dependency and neglect case instead of simply filing a motion for a change of disposition in the prior case. If it had filed a motion in the prior case, the father would not have been served. The court concluded that this error by CSB did not serve to resurrect the father's rights, which had been judicially terminated years ago.

{¶ 31} P.G. argues that *In re McBride* and *In re T.C.* are inapplicable here because she filed her complaint under R.C. 2151.27(A)(1), which permits *any person* to file a complaint alleging abuse, neglect, or dependency. She acknowledges that R.C. 2151.353(F)(2) does not authorize her to seek a change in disposition, but she argues that the relief sought here "is not limited to visitation or custody; it is any form of justice that would address the neglect and dependency that the minor is enduring." In addressing P.G.'s argument, we must distinguish an action under R.C. 2151.27(A)(1) from a petition for custody.

12.

**2. A complaint filed under R.C. 2151.27(A)(1) differs from a petition for custody.**

{¶ 32} The primary objective of an action brought under R.C. 2151.27(A)(1) is to determine if a child is receiving proper parental care. *In re Reese*, 4 Ohio App.3d 59, 62, 446 N.E.2d 482 (10th Dist.1982). An action under R.C. 2151.27(A)(1) is filed on behalf of the child—not on behalf of any interested parties. *In re Matter of J.D.B.*, 2019-Ohio-408, 130 N.E.3d 961, ¶ 24 (11th Dist.). To that end, a person filing a complaint under R.C. 21515.27(A)(1) may not necessarily be recognized as a party to the proceedings.[3] *See id.* at ¶ 24 (explaining that Juv.R. 10 and R.C. 2151.27(A)(1) permit a person to initiate a complaint "regardless of whether [he or she is] ultimately deemed [a party] to the proceedings."). While the juvenile court may make a custody order once a child is found to be neglected, the primary objective of the action is not to decide conflicting claims to custody; rather, selection of a custodian "is ancillary to the initial determination of whether or not the child is receiving proper parental care." *In re Reese* at 62; *In re J.D.B.* at ¶ 24.

{¶ 33} Consistent with the purpose of R.C. 2151.27(A)(1), "any person" with knowledge of an apparently neglected or dependent child is authorized to file a

---

[3] Under Juv.R. 2(Y), "party" means "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." Under R.C. 2151.414(F), a parent ceases to be a party after permanent custody has been awarded to the children's services agency.

13.

complaint. *In re Matter of J.D.B.* at ¶ 23; *Ives v. Ives*, 9th Dist. Lorain No. 02CA008176, 2003-Ohio-3505, ¶ 7 ("Pursuant to R.C. 2151.27(A)(1), *any* person having knowledge of a child which appears to be abused, neglected, or dependent, may a file a complaint with respect to that child."). This is in contrast to (1) R.C. 2151.353(F)(2), which permits only enumerated children's services agencies and "any *party*" to request a modification or termination of an order of disposition, but specifically prohibits "any parent whose parental rights with respect to the child have been terminated" from doing so, and (2) R.C. 2151.414(F), which terminates a parent's participation as a party to a case once permanent custody has been awarded divesting him or her or parental rights.

{¶ 34} The Ohio Supreme Court harmonized R.C. 2151.353(F)(2) and 2151.414(F) with Juv.R. 10 in *In re McBride* on these bases. But, unlike this case, *In re McBride* dealt with a *complaint for custody* under paragraph three of Juv.R. 10(A):

> Any person may file a complaint *to have determined the custody* of a child not a ward of another court of this state, and any person entitled to the custody of a child and unlawfully deprived of such custody may file a complaint requesting a writ of habeas corpus. Complaints concerning custody shall be filed in the county where the child is found or was last known to be. (Emphasis added.)

P.G. claims that her complaint is one alleging *dependency and neglect* under paragraph one of Juv.R. 10(A):

Any person having knowledge of a child *who appears to be a * * * neglected, dependent, or abused* may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement, or in which the * * * neglect, dependency, or abuse occurred. (Emphasis added.)

Juv.R. 10 and R.C. 2151.27(A)(1) provide substantially similar requirements for filing a complaint alleging neglect and dependency.

{¶ 35} If, in fact, P.G.'s complaint was one alleging dependency and neglect, we agree that *In re McBride*, 110 Ohio St.3d 19, 2006-Ohio-3454, 850 N.E.2d 43, and *In re T.C.*, 9th Dist. Summit No. 23851, 2007-Ohio-6787, would be inapplicable. We find that a parent of a child whose parental rights have been terminated may have standing to file a complaint for neglect and dependency with respect to that child under R.C. 2151.27(A)(1) and under the first paragraph of Juv.R. 10(A). Having said this, R.C. 2151.27(A)(1) may not be used as a mechanism for circumventing R.C. 2151.414(F) and 2151.353(F)(2).

{¶ 36} We must, therefore, determine whether the action initiated by P.G. was one for dependency or neglect.

### 3. P.G.'s amended complaint alleged dependency or neglect.

{¶ 37} P.G. filed an original complaint and an amended complaint in this action. Her original complaint alleged particular facts demonstrating concern about the care A.G. is receiving, but it failed to allege that A.G. is dependent or neglected as required by R.C.

2151.27(A)(1). Moreover, the relief requested in P.G.'s original complaint was "an Order granting her visitation and companionship with the minor child, or in the alternative, custody of the minor child [A.G.]." In essence, P.G.'s original complaint was one for custody or restoration of residual parental rights.

{¶ 38} But P.G. filed an amended complaint on June 20, 2019. Under Juv.R. 22(B), any pleading—which, as defined under Juv.R. 22(A) includes a complaint—"may be amended at any time prior to the adjudicatory hearing." *In re Henderson*, 11th Dist. Lake No. 96-L-068, 1997 WL 752633, *10 (Nov. 28, 1997) ("The language of the rule permits the amendment of the complaint 'at any time' before the adjudicatory hearing, without limitation."). In her amended complaint, P.G. alleged that both C.A. and LCCS have neglected A.G.'s basic needs and she stated particular facts supporting this concern. While her prayer for relief again sought visitation and companionship—residual parental rights that were terminated when permanent custody was awarded to LCCS—she also sought an order "requiring the Defendant Lucas County Children's Services to uphold its duties to the minor child by taking all actions necessary to fulfill the child's best interests, and any other relief to which she may be entitled."

{¶ 39} The magistrate's decision dismissed P.G.'s original complaint—"[C.A.'s] motion to dismiss petitioner's complaint filed 4/2/19, is found well taken and granted." Significantly, the magistrate failed to acknowledge P.G.'s amended complaint, and did not address the critical distinction that P.G. raised between a complaint for dependency or neglect under R.C. 2151.27(A)(1) and a petition for custody or change of disposition.

16.

{¶ 40} Unlike the magistrate, the trial court specifically acknowledged that P.G. had filed an amended complaint in which she "requested visitation rights and a Court order requiring Lucas County Children Services (LCCS) to uphold its duties [to A.G. as a neglected child.]" The trial court, however, simply affirmed the magistrate's decision— finding that P.G.'s objections did not identify any mistake of fact, error of law, or abuse of discretion—even though the magistrate only determined that P.G. lacked standing to seek custody or visitation. That is, the magistrate did not address P.G.'s new allegations that A.G. is a neglected child, or P.G.'s corresponding request for LCCS to "uphold its duties" to A.G. If P.G. had filed only her original complaint, we would agree that she lacked standing because as previously discussed, the original complaint was, in essence, a petition for custody and not one for dependency or neglect. The amended complaint, however, does not include a request for custody. And although the amended complaint continues to seek visitation and companionship— residual parental rights that were terminated when permanent custody was awarded to LCCS—it also includes new allegations that A.G. is a neglected child. The amended complaint may therefore be interpreted, at least in part, as one for dependency and neglect under R.C. 2151.27(A)(1).

{¶ 41} Accordingly, to the extent that P.G.'s amended complaint seeks visitation and companionship, we find that the trial court correctly determined that P.G. lacked standing to request such relief. *See* R.C. 2151.011(31) and (48). But, because P.G.'s amended complaint alleges that A.G. is a neglected child—and, under R.C. 2151.27(A)(1) and the first paragraph of Juv.R. 10(A), "any person" has standing to file a

complaint for dependency or neglect—we find that the trial court erred by dismissing the amended complaint for lack of standing. "The filing of a complaint alleging the neglect or dependency of a child is primarily filed on behalf of the child, not any of the interested parties." *In re Matter of J.D.B.*, 2019-Ohio-408, 130 N.E.3d 961, at ¶ 24. In that regard, even though the trial court may ultimately refuse to recognize P.G. as a party to the proceedings, P.G. nonetheless had standing to initiate such proceedings through the filing of the amended complaint alleging dependency or neglect. *Id.* (explaining that Juv.R. 10 and R.C. 2151.27(A)(1) permit a person to initiate a complaint "regardless of whether [he or she is] ultimately deemed [a party] to the proceedings.").

{¶ 42} We, therefore, find her second and fourth assignments of error well-taken, in part. We affirm the trial court's judgment to the limited extent that the trial court correctly concluded that P.G. lacks standing to seek visitation and companionship with the minor child. We otherwise reverse the trial court's dismissal of the amended complaint, and remand this matter to the trial court so that it may consider the complaint for dependency or neglect under R.C. 2151.27(A)(1). We need not specifically address P.G.'s third assignment of error.

### B. Failure to Conduct Independent Review

{¶ 43} In her first assignment of error, P.G. argues that the trial court failed to conduct an independent review of the magistrate's decision as required under Juv.R. 40(D)(4)(d). She acknowledges that absent facts to the contrary, appellate courts should presume that a trial court conducted an independent review of a magistrate's decision, but

18.

she claims that the trial court's failure to address her arguments under R.C. 2151.27(A)(1) demonstrates that it did not independently review the record. In light of our resolution of P.G.'s second and fourth assignments of error, we need not specifically address P.G.'s first assignment of error.

### III. Conclusion

{¶ 44} The trial court correctly determined that P.G. lacked standing to seek relief in the form of visitation and companionship because such residual parental rights were terminated when permanent custody was awarded to LCCS. But, given that R.C. 2151.27(A)(1) and the first paragraph of Juv.R. 10(A) grant standing to "any person" to file a complaint for dependency or neglect, P.G. had standing to file the amended complaint—which alleges that A.G. is a neglected child—even though her parental rights had been terminated. The filing of a complaint alleging dependency or neglect under R.C. 2151.27(A)(1) is primarily filed on behalf of the child, not any of the interested parties.

{¶ 45} We therefore find P.G.'s second and fourth assignments of error well-taken, in part. We deny her first and third assignments of error as moot.

{¶ 46} We affirm the August 28, 2019 judgment of the Lucas County Court of Common Pleas, Juvenile Division, to the limited extent that it correctly determined that P.G. lacks standing to seek visitation and companionship because her parental rights were terminated. We otherwise reverse the trial court's dismissal of the amended complaint,

19.

and remand this matter to the juvenile court so that it may consider the complaint for dependency and neglect under R.C. 2151.27(A)(1) and Juv.R. 10(A).

{¶ 47} C.A. and LCCS are ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed, in part, reversed, in part and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.
_____
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.